## CAMPBELL v. APPLE.

No. 26574.   Jan. 19, 1937.

Biggers & Biggers, for plaintiff in error.

O. T. Ottesen, for defendant in error.

HURST, J.   Floyd Apple sued J. D. Campbell to recover for labor performed in cementing a well and for foreclosure of a lien. The only issue involved at the trial was whether Apple had agreed to receive no compensation for his services. The case was tried to a jury and verdict was returned for the amount asked, on which judgment was rendered, and in due time motion for new trial was filed. More than three days after judgment, Campbell filed an amended motion for new trial repeating the grounds of the first motion and containing an additional allegation that a day or two prior to the trial, the court made the following remark within the hearing of certain members of the jury panel, in substance:

"That he didn't want to try the case, that it wouldn't make any difference how it was decided, Campbell wouldn't be satisfied with it."

From the order overruling this motion, this appeal was lodged by Campbell.

There are two assignments of error, but plaintiff in error in his brief states that he relies only on the proposition that the trial court erred in not granting a new trial on account of the remark made by the trial judge in the presence of the jury panel. He complains of no error in the trial of the case.

At the very outset we are confronted with the question of whether we can review this objection raised for the first time in the amended motion for new trial, filed more than three days after the judgment was rendered, in view of the provisions of section 400, O. S. 1931. The error complained of cannot be grounds for new trial as "newly discovered evidence" as authorized in paragraph 7, sec. 398, O. S. 1931, inasmuch as it is not material to the issue involved at the trial. Mann v. Wilson (1926) 117 Okla. 239, 246 P. 464. It can only be ground for new trial under paragraph 1 of said section, which provides:

"First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial."

To come within the purview of this paragraph it must be a proper amendment to the original motion which was filed within the three-day period prescribed.

The rule is settled in this state that a motion for new trial may be amended after the expiration of the time allowed, only by a clearer, more appropriate statement or elaboration of the grounds already stated, and not by adding new and independent grounds therefor. Rice v. Folsom (1912) 32 Okla. 496, 122 P. 236. The error complained of in this case was a new and independent ground for new trial not mentioned in the original motion. It therefore cannot be considered. Affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BUSBY, and WELCH, JJ., absent.