**In re Revocation of Drivers or Operators License of Roger Claude FINLEY.**

**DEPARTMENT OF PUBLIC SAFETY, State of Oklahoma, Appellant,**

v.

**Roger Claude FINLEY, Appellee.**

**No. 44794.**

Supreme Court of Oklahoma.

Dec. 5, 1972.

James M. Hayes III, Associate Counsel, Dept. of Public Safety, State of Oklahoma, Oklahoma City, for appellant.

Bell & Bell, Seminole, for appellee.

BARNES, Justice:

This appeal involves the revocation of the automobile driver's license of a salesman for an oil field tool company in Seminole named "Roger Claude Finley", under Senate Bill No. 28 enacted by the First Regular Session of the Thirty-first Legislature (Ch. 86, S.L.1967, Title 47 O.S.1971 and 1969 Supp., §§ 751–760, both inclusive) and briefly referred to as this State's "Implied Consent Law". Section 1 (Section 751, supra) of said enactment provides:

"Any person who operates a motor vehicle upon the public highways or streets of this state shall be deemed to have given consent subject to the provisions of this act to a chemical test or tests of his blood or breath, at the election of the person proposed to be tested, for the purpose of determining the alcoholic content of his blood. The test or tests shall be administered at the direction of

a law enforcement officer after having arrested a person and having reasonable grounds to believe the person driving or in actual physical control of a motor vehicle upon the public highways was under the influence of alcohol or intoxicating liquor."

Section 3 (Section 753, supra) of the Act provides in part as follows:

"If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive . . . for a period of six months; * * *."

Mr. Finley was arrested by the law enforcement officer, who, in his sworn statement transmitted to the Oklahoma Commissioner of Public Safety, represented he had reasonable grounds to believe Finley "had been driving or had been in actual physical control of a motor vehicle upon the public highways while under the influence of alcoholic or intoxicating liquor." The officer's sworn statement also indicated Finley had refused to take the "chemical test" contemplated in the above-quoted statute.

On the eighth day thereafter, the Oklahoma Commissioner of Public Safety mailed Finley a copy of an "ORDER OF REVOCATION" apprising him of the receipt of the officer's sworn statement and advising him that, under authority of Section 753, supra, his driver's license had been revoked for a period of six months.

Finley requested no hearing before the Commissioner as is authorized by Title 47 O.S.1971 and 1969 Supp., § 754, but instituted proceedings in the District Court by filing a pleading entitled "PETITION ON APPEAL FOR RESTORATION OF LICENSE", attaching thereto as an exhibit a copy of the "ORDER OF REVOCATION", and alleging that being deprived of said license worked a "great hardship" upon him and his family, and praying that, upon a hearing of his petition, the court set aside or modify the Commissioner's order.

After a hearing at which, over the objections of the attorney for the Department of Public Safety, Finley testified as to the reasons it was a hardship upon him and his family to be deprived of his driver's license for the period specified in the Commissioner's revocation order, the court entered its order finding that the license revocation order was an "undue hardship" on Finley and purporting to reinstate his driver's license.

The appellant, Department of Public Safety, has lodged the present appeal from said District Court order, and will hereinafter be referred to merely as the "Department". The appellee, Finley, will hereinafter be referred to as "petitioner".

It is the Department's position that the order appealed from is without any authorized legal basis because the petitioner's evidence (that being deprived of his driver's license for six months was a hardship upon him and his family) was immaterial to the only matters which, under the subject Act, can be issues in a case like the present one. In this connection, the Department contends that, even though the petitioner waived the right that the statute gives a driver's licensee to a hearing before the Oklahoma Commissioner of Public Safety upon such a revocation order, and challenged the Commissioner's said order by going directly into the District Court, still the court proceedings could only be an appeal—and as such, there could only be raised therein the issues which Section 754 prescribes for hearings before the Commissioner. On that subject, Section 754 provides:

"* * * *The hearing* shall be transcribed and its scope *shall cover the is-*

*sues of* whether the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, whether the person was placed under arrest and *whether he refused to submit to the test or tests.* * * *" (Emphasis added)

[redacted] The petitioner does not directly deny that the above-quoted statutory provision excludes from consideration "hardship" in cases of this nature. In the recent case of State ex rel. Okl. Dept. of Pub. Safety v. Kopczynski, Okl., 499 P.2d 1384, we, in effect, so held when we sustained the Department's position as to what are the only authorized issues in a case of this kind. It therefore follows that the hardship which revocation of petitioner's driver's license may have caused him was not a proper issue in the trial court and constituted no valid ground for that court's purported reinstatement of his license.

But petitioner contends that if the trial court's admission of his evidence on that subject was error, it was a harmless one. He seeks to justify the court's action in nullifying the Commissioner's order by pointing out that no testimony was introduced by the Department, or the Commissioner, at the trial; and, by quoting from State v. Moyers, 86 Okl.Cr. 101, 189 P.2d 952, he infers that such evidence was necessary to show the court there had been a "justifiable factual basis" for the Commissioner's license revocation order.

[redacted] We find no merit in petitioner's argument. He has never denied the facts represented in the arresting officer's "sworn report" that the officer arrested him and that, when this occurred, he "had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of alcohol or intoxicating liquor." (Section 753, supra.) Nor has petitioner ever denied that he "refused to submit" to the chemical test prescribed by the statute. With such facts tacitly admitted, there was no need for the Department to prove them. In this connection, notice what we said in Bridal v. Cottonwood Creek Conservancy Dist. No. 11, Okl., 405 P.2d 17, 26, cert. den. 382 U.S. 943, 86 S.Ct. 400, 15 L.Ed.2d 352, about the necessity of proof where a litigant makes no effort to contradict representations made on behalf of his adversary. Under the circumstances, the recitals of the Commissioner's revocation order constituted a prima facie showing in that regard.

In accord with the foregoing, the order appealed from was unauthorized and is hereby reversed, and the original order of the Department of Public Safety is hereby reinstated.

All Justices concur.