**NATIONAL EDUCATORS LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**APACHE LANES, INC., a corporation, et al.,
Appellees.**

**No. 48648.**

Supreme Court of Oklahoma.

Sept. 21, 1976.

---

4. *Sherrick v. Butler*, 175 Okl. 538, 53 P.2d 1097 (1936).

5. *Marcum v. Marcum*, 265 P.2d 723 (Okl. 1954).

6. *Zink v. Milner*, 39 Okl. 347, 135 P. 1 (1913).

James D. Fellers, Michael L. Smith, Fellers, Snider, Blankenship & Bailey, Oklahoma City, for appellant.

C. Rabon Martin, Baker, Baker & Martin, Tulsa, for appellees.

HODGES, Vice Chief Justice.

We are asked to reverse a trial court's award of attorney fees and costs arising out of a successful defense in an action brought by the appellant against the appellees who were guarantors on a note. (See: *Apache Lanes, Inc. v. National Educators Life Ins. Co.,* 529 P.2d 984 [Okl. 1975]).

Appellant alleges three propositions of error:

(1) The action sued on was a contract for guaranty and is not one of the actions which Oklahoma law permits attorney fees to be taxed as costs;

(2) The award of $20,000.00 was grossly excessive and contrary to the purpose and principle of the award of attorney fees;

(3) The bill of costs contained items not applicable in the instant case and over which the trial court had no jurisdiction.

As a basic premise to the issues involved, it is well established that the right to costs and attorney fees did not exist at common law and, therefore, any award must be based upon a statutory enactment. *Owens v. Clark,* 177 Okl. 519, 61 P.2d 201 (1936); *Globe & Republic Insurance Co. v. Independent Trucking Co.,* 387 P.2d 644 (Okl. 1963).

Title 12 O.S.1971 § 936 provides: In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or

sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Appellant argues that an action on a contract of guaranty is not expressly stated in the above statute and the award of attorney fees by the trial court was in error. We disagree.

Appellant brought an action on a note and foreclosure of a mortgage against the principal debtor, Apache Lanes, and against the six individual guarantors, who are the appellees herein. The statute expressly provides for attorney fees to the prevailing party in an action on a "note" which is involved in this action. The appellees had unconditionally guaranteed payment of the note. Their guaranty, which was endorsed on the note itself, was a direct promise to pay the note. In such instances, we find the action on the note and contract of guaranty was covered by the statute.

Appellant's second proposition assailing the amount of attorney fees as excessive is not an appealable issue. After the trial court entered its judgment for costs and attorney fees, appellant, through prior counsel, filed a motion for a new trial, alleging that the award of attorney fees was not permitted under the statute and that certain items of costs were not recoverable. There was no allegation that the amount of attorney fees was excessive. 12 O.S.1971 § 991(b) provides:

If a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted.

Appellant's belated amendment to its motion for new trial, alleging the award was excessive, cannot be reviewed.

The amendment raised a new allegation of error that was available to it at the time of the filing of its original motion for a new trial. New and independent allegations of error cannot be considered if filed beyond the statutory period. 12 O.S. 1971 § 653; *Campbell v. Apple*, 179 Okl. 38, 64 P.2d 331 (1937); *So. Kansas Stage Lines v. Wynne*, 178 Okl. 440, 63 P.2d 68 (1937).

Appellant's third proposition challenged the trial court's jurisdiction to award costs. It contends Supreme Court Rule No. 32 (12 O.S.1971 Ch. 15 App. 1) sets out the procedure for costs and unless complied with, the right of taxing appeal costs in the trial court is lost.

A prevailing party in a lawsuit is entitled to be reimbursed for certain items of costs. Those costs may be awarded either by the Supreme Court, if case has been appealed, or by the trial court. If the prevailing party seeks the recovery of costs in the Supreme Court then he must follow the procedure set out in Rule 32. It does not, as appellant contends, deprive the trial court of awarding costs before mandate has been spread of record.

Appellant next complains that certain items awarded as costs are not allowable. We agree. Premiums paid for supersedeas bond in the amount of $1,050.00, costs of printing briefs in the amount of $419.38 and $300.00 for an expert witness fee are not statutorily sanctioned, and must be deleted from the award. *City of Moore v. Central Okla. Master Conservancy District*, 441 P.2d 452 (Okl.1968). Appellees' contention that appellant's failure to timely object to these items is without merit.

We also find that appellees' motion for judgment with interest is without merit. In *McAlester Urban Renewal Authority v. Hamilton*, 521 P.2d 823 (Okl.1974), we held in the absence of a statute authorizing it, interest on costs awarded cannot be allowed. We decline to overrule the case as suggested by appellees, and reaffirm its holding.

The order of the trial court awarding costs in the amount of $22,285.38 is affirmed in part, and reversed in part as herein directed. Appellees' motion for additional attorney fees for defending this action on appeal is denied.

All Justices concur.

SIMMS and DOOLIN, JJ., having certified their disqualification in this case, Hon. C. F. BLISS, Jr. and LESTER A. REYNOLDS, were appointed Special Justices in their stead.