**ARKANSAS LOUISIANA GAS COMPANY, a corporation, Petitioner,**

v.

**Wayne TRAVIS, as Guardian for Mary June Travis, an Incompetent, David Travis, Laura Jane Schiller and Walter Schiller, husband and wife, Respondents.**

**No. 58863.**

Supreme Court of Oklahoma.

June 5, 1984.

226

James M. May, McAlester, for petitioner.

W.H. Layden, McAlester, for respondents.

LAVENDER, Justice:

After judgment was entered in favor of Arkansas Louisiana Gas Company, plaintiff below in a condemnation action against de-

fendants below, defendants filed a timely motion for new trial, setting forth seven grounds. At the hearing on the motion and after the time for the filing of a new trial had expired, defendants orally moved to amend their motion by including a ground which was separate from and additional to the grounds set forth in the original motion. The trial court granted the motion for new trial solely upon the additional ground alleged in the oral amendment. Plaintiffs appealed. The Court of Appeals affirmed the order of the trial court. We granted certiorari. The opinion of the Court of Appeals is withdrawn. We reverse.

Plaintiff relies upon 12 O.S.1981, §§ 653 and 654, which provide:

12 O.S.1981, § 653:

"Unless unavoidably prevented, the application for a new trial, if made, must be filed within ten (10) days after the verdict, report or decision is rendered regardless of whether or not the term has ended, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made."

12 O.S.1981, § 654:

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivision two, three, seven, and nine of Section 5033 (now § 651), must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

The additional ground specified in defendants' purported oral amendment to the motion for new trial was an alleged prejudicial remark made by plaintiff's attorney on closing argument and does not fall within the rubric of newly-discovered evidence, or the causes enumerated in subdivisions two, three, seven and nine of Section 5033 (now § 651).

Defendants rely upon Rule 17 of the Rules for District Courts of Oklahoma, ef-

fective January 1, 1982, which provides, in part:

> " * * * If, at the hearing on the motion, a ground for granting a new trial is raised that was not stated in the motion, the failure to include this ground in the motion is waived if no objection is made by the adverse party, and the motion may be amended to include this ground or the motion shall be deemed to have been amended. If the adverse party objects to the presentation of a new ground, the court may permit the motion to be amended where the adverse party is not prejudiced thereby. Recitation of objections and the action taken in response thereto shall be included in the order on the motion. In the absence of such a recitation, it shall be assumed that no objection was made. * * * "

In *Eberle v. Dyer Construction Company,* Okl., 598 P.2d 1189, 1192, 1193 (1979), we said:

> "The rule making power of the Supreme Court is not only conferred by Art. VII, Sec. 6, which establishes the general administrative control of this Court over all inferior courts, but is specifically mandated by legislation, 12 O.S.1971, § 74, which provides:
>
> 'The Justices of the Supreme Court shall meet every two years during the month of June at the capital of the State and revise their general rules, and make such amendments thereto as may be required to carry into effect the provisions of this code, and shall make such further rules consistent therewith as they may deem proper. The rules so made shall apply to the Supreme Court, the district courts, the superior courts, and county courts and all other courts of record.'
>
> "*Carlile v. National Oil and Development Co.,* 83 Okl. 217, 201 P. 377 (1921) stands for the proposition that rules made pursuant to statutory au-

thority of an appellate court to cover procedures in inferior courts have the force and effect of law and are binding upon litigants, courts and counsel. However, rules promulgated by the Court must not contravene any constitutional or statutory provision upon the same subject. *Pierce v. State,* Okl.Cr. [App.] 383 P.2d 699 (1963)." [1]

 Judicial construction of a statute and longstanding acquiescence therein serves to give such judicial construction the effect of legislation. *Ballard v. Christian,* Okl., 451 P.2d 943, 945 (1969). The interpretation of a statute by the highest courts of a state by which the statute was enacted is generally regarded as an integral part of the statute. 75 Am.Jur.2d Statutes § 143.

 In determining whether the trial court erred in permitting the oral amendment to defendants' motion for new trial and in granting a new trial based upon the ground set forth in the amendment, we must first determine whether there is an irreconcilable conflict between §§ 653 and 654 as construed by this Court prior to the promulgation of Rule 17, on the one hand, and the provisions of Rule 17 on the other. If such a conflict be found to exist, the statutes must prevail.

We have consistently held in construing §§ 653 and 654 that after expiration of the statutory time for filing a motion for new trial, the motion may be amended to clarify the grounds originally set out, but not to set up new and independent grounds which were available to the moving party at the time of filing the original motion, and that a motion for new trial must be reduced to writing and filed in the office of the clerk of the trial court. See *Southern Kansas State Lines Co. v. Wynne,* 178 Okl. 440, 63 P.2d 68 (1936) and the cases therein cited: *Campbell v. Apple,* 179 Okl. 38, 64 P.2d 331 (1937); *Minn. Mining & Mfg. Co. v. Smith,* Okl., 581 P.2d 31 (1978); *National Educators Life Insurance Co. v. Apache Lanes, Inc.,* Okl., 555 P.2d 600 (1976). In

---

**1.** Accord: *Matter of Milton H.,* Okl., 614 P.2d 72 (1980); *Oklahoma County Sheriff v. Hunter,* Okl., 615 P.2d 1007 (1980); *Transok Pipe Line v.* *Darks,* Okl., 515 P.2d 218 (1973); *Ogle v. Ogle,* Okl., 517 P.2d 797 (1973).

*Minn. Mining & Mfg. Co.,* supra, we further held that failure to comply with the requirements of § 653 divests this Court of *jurisdiction* to consider the motion for new trial.

■ We therefore hold that neither the trial court nor this Court on appeal had jurisdiction to consider the attempted amendment of defendants' motion for new trial which asserts a new and independent ground for granting a new trial, since the "amendment" was not filed within the statutory time for filing a motion for new trial as required by § 653, and defendants were not unavoidably prevented from asserting the new ground in their original motion and the new ground was not newly-discovered evidence material for the defendants which defendants could not, with reasonable diligence have discovered and produced at the trial. We further hold that failure to reduce each of the grounds for seeking a new trial to writing, and filing them with the court clerk as required by § 654 further precludes consideration of the oral amendment on appeal.

■ The above-quoted portion of Rule 17 is withdrawn as being contrary to our ruling herein with reference to §§ 653 and 654.

Nothing herein said is to be construed as being inopposite to our holding in *Horizons, Inc. v. Keo Leasing Company* and *Kenneth E. Olsen,* Okl., 681 P.2d 757 (1983). *Horizons, Id.* involved lack of specificity in the language of a new trial motion where without objection from the opposite party the movant precisely identified each point of law which was fairly comprised in the general allegations of the defective motion. Here, an entirely new and separate ground for a new trial was attempted by motion amendment made after the time for filing of a motion for new trial had expired.

REVERSED.

SIMMS, V.C.J., and HODGES, DOOLIN, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.