COLE v. STATE ex rel. DEPT. OF PUBLIC SAFETY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:COLE v. STATE ex rel. DEPT. OF PUBLIC SAFETY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 COLE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
2020 OK 67
Case Number: 117424
Decided: 09/15/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 67, __ P.3d __

 

MICHAEL ANTWAUN COLE, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA, ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III

¶0 The Department of Public Safety revoked Michael Antwaun Cole's driver's license for one year for violating Oklahoma's implied consent law. Cole brought a due process challenge. The district court held DPS violated Cole's due process rights by not granting Cole a hearing and remanded the matter for an administrative hearing. The Court of Civil Appeals affirmed the due process violation but found the appropriate remedy was for the district court to set aside the revocation. This Court granted certiorari.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S ORDER REVERSED; 
ORDER ENTERED BY THE DEPARTMENT 
OF PUBLIC SAFETY STANDS REINSTATED.

Elliot Z. Smith, Tulsa, Oklahoma, for Plaintiff/Appellant.

Mark Edward Bright, Assistant General Counsel, Oklahoma Department of Public Safety, Oklahoma City, Oklahoma, for Defendant/Appellee.

Winchester, J.

¶1 Plaintiff/Appellant Michael Antwaun Cole appeals from a district court order remanding a driver's license revocation proceeding for hearing following his due process challenge. Cole violated Oklahoma's implied consent law after his arrest for suspicion of driving under the influence.[1] Cole attempted to contest the revocation of his driver's license by requesting an administrative hearing from Defendant/Appellee State of Oklahoma ex rel. Department of Public Safety (DPS). However, DPS determined that Cole's hearing request was insufficient and revoked Cole's license for one year.

¶2 The issue before the Court is whether DPS violated Cole's procedural due process rights in declining to hold a hearing when Cole failed to follow DPS's rule in submitting his hearing request. We hold DPS may designate how it receives hearing requests by administrative rule and DPS did not violate Cole's procedural due process rights when Cole failed to properly request an administrative hearing pursuant to Okla. Admin. Code § 595:1-3-7 (2017).

I. FACTS AND PROCEDURE

¶3 On February 18, 2018, the Oklahoma State University-Tulsa Police Department arrested Cole on suspicion of driving under the influence of alcohol. Cole refused to submit to a breath or blood alcohol concentration test to determine if he was intoxicated at the time of his arrest. The arresting officer served Cole with a notice of the revocation of his driver's license due to violating the implied consent law, which states that a driver gives consent to submit to a breath or blood alcohol concentration test when suspected of driving under the influence. On February 26, 2018, Cole, through his counsel, requested an administrative hearing by fax to DPS to contest the revocation. DPS deemed the request by fax insufficient under its rule regarding hearing requests, Okla. Admin. Code § 595:1-3-7. Within a week of receipt of this request, a DPS representative called Cole's counsel and advised him that DPS no longer accepted hearing requests made by fax. The DPS representative instructed Cole's counsel to submit the request by mail or in person.

¶4 On March 27, 2018, DPS sent a courtesy letter to Cole advising it received his faxed hearing request but that DPS deemed the request insufficient because DPS's rules had changed. The courtesy letter specifically stated that Cole should make the request by mail or in person and "faxed requests are no longer accepted." DPS instructed Cole to submit a corrected hearing request with the letter.[2] DPS was not required by law nor had any obligation to make the courtesy call or send the courtesy letter. Cole, however, did not address the deficiency in his request. On March 31, 2018, DPS sent a letter to Cole stating it had revoked Cole's driver's license for one year. Cole appealed the matter to the District Court of Tulsa County.

¶5 The district court held Cole timely requested an administrative hearing and DPS deprived Cole of due process when DPS denied him a hearing. The district court remanded the case and ordered DPS to provide Cole with an administrative hearing. Cole appealed, contending the district court did not have the authority to remand the case for an administrative hearing. The Court of Civil Appeals affirmed the district court's determination that DPS violated Cole's due process by not granting him an administrative hearing. However, the Court of Civil Appeals reversed the district court's order directing DPS to provide Cole an administrative hearing and determined that the only appropriate remedy was for the district court to set aside the revocation. This Court granted certiorari.

II. STANDARD OF REVIEW

¶6 On appeal from orders of implied consent revocations, the appellate courts may not reverse or disturb the findings below unless the lower court's determinations are found to be erroneous as a matter of law or lacking sufficient evidentiary foundation. Hollis v. State ex rel. Dep't of Pub. Safety, 2008 OK 31, ¶ 10 n.4, 183 P.3d 996, 999 n.4. Questions of law--including whether an individual's due process rights have been violated--are reviewed de novo, meaning they are subject to an appellate court's plenary, independent, and nondeferential re-examination. Jobe v. State ex rel. Dep't of Pub. Safety, 2010 OK 50, ¶ 13, 243 P.3d 1171, 1175; In re A.M. and R.W., 2000 OK 82, ¶ 6, 13 P.3d 484, 486-87. "[I]t is the duty of this court on appeal to apply the law to such facts as a court of first instance and direct judgment accordingly." Rist v. Westhoma Oil Co., 1963 OK 126, ¶ 7, 385 P.2d 791, 793.

III. DISCUSSION

¶7 The issue before the Court is whether DPS violated Cole's due process rights in not granting him a hearing when Cole failed to follow DPS's rule in submitting his hearing request. We first address DPS's authority to promulgate rules as to how it receives administrative hearing requests.

¶8 Pursuant to the Administrative Procedures Act, 75 O.S.2011, §§ 250-323, the Legislature may delegate rulemaking authority to agencies, boards, and commissions to facilitate the administration of legislative policy. Administrative rules are valid expressions of lawmaking powers having the force and effect of law. Estes v. ConocoPhillips Co., 2008 OK 21, ¶ 10, 184 P.3d 518, 523. Specifically, 75 O.S.2011, § 308.2(C) states:

Rules shall be valid and binding on persons they affect, and shall have the force of law unless amended or revised or unless a court of competent jurisdiction determines otherwise. Except as otherwise provided by law, rules shall be prima facie evidence of the proper interpretation of the matter to which they refer.

¶9 Administrative rules, like statutes, are to be given a sensible construction. McClure v. ConocoPhillips Co., 2006 OK 42, ¶ 17, 142 P.3d 390, 396. Statutory construction by agencies charged with the law's enforcement is given persuasive effect especially when it is made shortly after the statute's enactment. Id. ¶ 19, 142 P.3d at 396. If the Legislature disagrees with an agency's interpretation, the Legislature can take certain actions according to 75 O.S.2011, § 250.2(B).[3]

¶10 The Legislature has delegated rulemaking authority to DPS. See 75 O.S.2011, §§ 250-323. The purpose of this delegation is to eliminate the necessity of establishing every administrative aspect of general public policy by legislation. See 27 O.S.2011, § 250.2(b). As part of its rulemaking authority, DPS can designate how it receives hearing requests. DPS's general rule regarding a request for an administrative hearing found in Okla. Admin. Code § 595:1-3-4(d) (2017) states:

(d) Any person requesting a hearing must request the hearing in writing on a form prescribed by the Department of Public Safety and in compliance with this chapter. This form may be obtained from the Department's principal place of business at 3600 North Martin Luther King Avenue, Oklahoma City, OK or at www.ok.gov/DPS. A request that does not comply with these rules shall be rejected and shall not stay further action by the Department

¶11 On September 11, 2017, DPS amended its rule titled "Request for Hearing," which sets out the specific procedures to request a hearing:

A request for a hearing must be in writing, on a form prescribed by the Department of Public Safety. This form is available at the Department's principal place of business at 3600 North Martin Luther King Avenue, Oklahoma City, OK or at www.ok.gov/DPS. The request shall be submitted to the Department of Public Safety. Hearing requests may only be submitted in person at the Department's principal place of business, or by mail to the address below. Hearing requests submitted other than in person or by mail will not be accepted and a hearing will not be granted. Hearing request forms mailed via the U.S. Postal Service shall be addressed to the Department of Public Safety, Legal Division, P.O. Box 11415, Oklahoma City, OK 73136.

Okla. Admin. Code § 595:1-3-7 (2017) (emphasis added).

¶12 Based on these rules, DPS determined that Cole's hearing request was insufficient because it was not submitted in person or by mail. DPS amended the rule setting forth the procedure to request a hearing over five months prior to Cole's arrest. The Legislature took no action concerning Okla. Admin. Code § 595:1-3-7; the Legislature's silence is evidence of its consent and adoption of DPS's construction.[4]

¶13 We hold it was within DPS's rulemaking authority to determine how it receives hearing requests. DPS, acting within its rulemaking authority, promulgated a rule disallowing hearing requests by fax, and Cole's faxed request was insufficient.[5] Cole failed to submit a proper hearing request and was, therefore, not granted a hearing. See 47 O.S.2005, § 754(D) (superceded Nov. 1, 2019).

¶14 We next address Cole's due process challenge. Relying on Pierce v. State ex rel. Department of Public Safety, 2014 OK 37, ¶ 8, 327 P.3d 530, 532, Cole urges that DPS denied him due process through no fault of his own, requiring his revocation be set aside. In Pierce, the sole issue was whether a delay of approximately twenty months in scheduling a revocation hearing was a violation of the constitutional right to a speedy trial. Id. ¶ 1, 327 P.3d at 531. The Court noted in Pierce that the driver acted in a timely fashion from the date of his arrest until the time of filing for certiorari to have this matter resolved at the first opportunity. Id. ¶ 14, 327 P.3d at 534. We do not find Pierce persuasive in this matter. The reason Cole did not receive a hearing from DPS was that Cole refused to properly submit a hearing request; it was not DPS's fault. Id. ¶ 15, 327 P.3d at 535.

¶15 The Due Process Clause does not, by itself, mandate any particular form of procedure. See U.S. Const. amends. V and XIV, § 1; In re A.M. and R.W., 2000 OK 82, ¶ 9, 13 P.3d at 487. Instead, due process gives a person the opportunity to be heard in a meaningful time and manner. Flandermeyer v. Bonner, 2006 OK 87, ¶ 10, 152 P.3d 195, 198-99 (emphasis added). Due process is flexible, and a court must evaluate a challenge to due process based on the facts of a particular situation. Mathews v. Eldridge, 424 U.S. 319, 334 (1976).

¶16 Here, DPS has a specific rule as to how a party can request an administrative hearing. Cole chose to ignore the rule and not avail himself of the opportunity to be heard, despite DPS giving Cole's counsel a courtesy telephone call and sending Cole a courtesy letter informing Cole of the proper way to submit his hearing request. DPS afforded Cole due process--an opportunity to be heard; Cole only had to comply with DPS's rule. Grubb v. Johnson Oil Ref. Co., 1947 OK 124, ¶ 17, 179 P.2d 688, 693 ("Due process of law is shown when opportunity is conferred to invoke the equal protection of the law. . . ."). Instead, Cole repeatedly refused DPS's admonitions to submit his hearing request by mail or in person. Cole was not deprived of due process when he failed to avail himself of the opportunity for a hearing.[6]

¶17 Since the Court does not find a due process violation, there is no basis for setting aside the revocation. Further, neither a trial de novo nor reinstatement of driving privileges is required where the licensee fails to properly contest the revocation and request a hearing. In re Finley, 1972 OK 155, ¶¶ 7-10, 503 P.2d 1273, 1275-76.

IV. CONCLUSION

¶18 The Legislature expressly delegated rulemaking authority to DPS. Once properly enacted, the rules promulgated by DPS have the force and effect of law. DPS specifically enacted a rule designating how it receives requests for hearings--in person or by mail. Cole requested an administrative hearing by fax, which the rule disallows, and DPS deemed this request insufficient. This Court defers to DPS's interpretation of its own rule--Cole's hearing request was insufficient pursuant to DPS's rules. We further hold Cole was not deprived of due process when he failed to avail himself of the opportunity for a hearing.

¶19 Based upon our analysis, we reverse the district court's ruling that DPS violated Cole's due process rights by not granting him a hearing. The revocation entered by DPS stands reinstated.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S ORDER REVERSED; 
ORDER ENTERED BY THE DEPARTMENT 
OF PUBLIC SAFETY STANDS REINSTATED.

CONCUR: Darby, V.C.J., Winchester, Edmondson, Colbert, Combs, Kane, and Rowe, JJ.

DISSENT: Gurich, C.J. (by separate writing), and Kauger, J.

FOOTNOTES

[1] See 47 O.S.2011, §§ 751, 753.

[2] Title 47 O.S.2005, § 754(D) (superceded 2019) allowed Cole fifteen days to submit his hearing request after receiving notice of the revocation of his driver's license. By sending the courtesy letter a month after Cole received notice, DPS offered to consider a hearing request essentially out of time if Cole properly submitted it.

[3] Section 250.2(B) states as follows:

B. In creating agencies and designating their functions and purposes, the Legislature may delegate rulemaking authority to executive branch agencies to facilitate administration of legislative policy. The delegation of rulemaking authority is intended to eliminate the necessity of establishing every administrative aspect of general public policy by legislation. In so doing, however, the Legislature reserves to itself:

1. The right to retract any delegation of rulemaking authority unless otherwise precluded by the Oklahoma Constitution;
2. The right to establish any aspect of general policy by legislation, notwithstanding any delegation of rulemaking authority;
3. The right and responsibility to designate the method for rule promulgation, review and modification;
4. The right to approve or disapprove any adopted rule by joint resolution; and
5. The right to disapprove a proposed permanent, promulgated or emergency rule at any time if the Legislature determines such rule to be an imminent harm to the health, safety or welfare of the public or the state or if the Legislature determines that a rule is not consistent with legislative intent.

[4] Cole relies on 47 O.S.2005, § 754(D) (superceded Nov. 1, 2019) to argue DPS does not have the authority to limit how it receives hearing requests. The relevant portion of the superceded statute cited by Cole states:

D. Upon the written request of a person whose driving privilege has been revoked or denied by notice given in accordance with this section or Section 2-116 of this title, the Department shall grant the person an opportunity to be heard if the request is received by the Department within fifteen (15) days after the notice. . . . A timely request shall stay the order of the Department until the disposition of the hearing unless the person is under cancellation, denial, suspension or revocation for some other reason. . . . If the hearing request is not timely filed, the revocation or denial shall be sustained.

We reject Cole's argument that this statute limits the authority that DPS has to determine how it receives hearing requests. The superceded statute merely states the request must be in writing but does not address the method by which a person must submit a request. Further, we note that subsequent to the filing of Cole's appeal the Legislature removed the language from the statute relied upon by Cole. See 47 O.S. Supp. 2019, § 754. By removing the language, the Legislature gave additional discretion to DPS to determine how it receives administrative hearing requests.

The Court also notes that the Legislature attempted to amend 47 O.S.2005, § 754(D) with the Impaired Driving Elimination Act 2, SB No. 643, 56th Leg., 1st Sess. (Okla. 2017), which also removed the language relied upon by Cole. The Court declared the law unconstitutional--for other reasons--in Hunsucker v. Fallin, 2017 OK 100, 408 P.3d 599, and the law never took effect.

[5] In Osprey L.L.C. v. Kelly-Moore Paint Co. Inc., 1999 OK 50, 984 P.2d 194, the Court interpreted a contract provision, and it allowed a fax notice to stand in for hand delivery or mail. However, this case did not involve a question of contract interpretation but whether a government agency can create rules that are required to be followed when seeking to contest license suspensions. Further, the rule at issue here expressly excluded other methods of delivery, unlike the contract provision in the Osprey L.L.C. case. We need not devote any further explanation on how those two differ.

[6] The Court further notes the requirement for DPS to hold a hearing within 60 days from receipt of the hearing request that this Court pronounced in Nichols v. State ex rel. Department of Public Safety, 2017 OK 20, ¶ 29, 392 P.3d 692, 698, was not triggered in this case because Cole failed to properly submit a hearing request.

GURICH, C.J. with whom Kauger, J. joins, dissenting

¶1 I dissent to the majority opinion for two principal reasons. First, the majority opinion goes beyond the scope of issues raised on appeal and sua sponte reinstates Cole's license revocation. Second, DPS' failure to schedule a review after receiving Cole's written request for a review hearing was contrary to the express language contained in 47 O.S.2011 § 754 and fundamental principles of due process.[1] However, I do not agree with the COCA opinion, and I would remand the matter to DPS for an initial license revocation review hearing.

¶2 The Court's majority opinion has fashioned a remedy on appeal not properly before us.[2] The only real question before this Court is whether the trial court had authority to remand the case for an administrative hearing. DPS did not file a counter petition in error challenging the trial court's determination that DPS denied Cole due process by denying an administrative hearing. By failing to challenge this ruling, we are limited in our appellate review. In Bivins v. State ex rel. Okla. Mem'l Hosp., 1996 OK 5, ¶ 20, 917 P.2d 456, 465, we explained "[a] successful party below who did not bring an appeal, counter- or cross-appeal may, as appellee, argue only those errors which, if rectified, would support the correctness of the trial court's judgment." (Emphasis added). Thus, the only issue properly before us is whether the trial court had authority to remand the matter for an evidentiary hearing. The trial court's conclusions that the faxed hearing request was sufficient to mandate a review hearing was not challenged by DPS and our opinion should not address this issue. I would submit that the district court unquestionably had the power to remand the matter for a hearing. See 75 O.S.2011 § 322 (2) ("The reviewing court, also in the exercise of proper judicial discretion or authority, may remand the case to the agency for the taking and consideration of further evidence, if it is deemed essential to a proper disposition of the issue."). Therefore, I would affirm the trial court's order and direct the case remanded to conduct the license revocation review.

¶3 Notwithstanding, even if the issue of the sufficiency of Cole's faxed request for administrative review is properly before the Court, I believe Cole's attorney complied with 47 O.S.2011 § 754.[3] On February 26, 2018, Cole's attorney timely requested a hearing concerning the revocation of Cole's license. The notice was submitted by facsimile. At the time, 47 O.S.2011 § 754 provided in relevant part:

A. Any arrested person who is under twenty-one (21) years of age and has any measurable quantity of alcohol in the person's blood or breath, or any person twenty-one (21) years of age or older whose alcohol concentration is eight-hundredths (0.08) or more as shown by a breath test administered according to the provisions of this title, or any arrested person who has refused to submit to a breath or blood test, shall immediately surrender his or her driver license, permit or other evidence of driving privilege to the arresting law enforcement officer. The officer shall seize any driver license, permit, or other evidence of driving privilege surrendered by or found on the arrested person during a search.

B. If the evidence of driving privilege surrendered to or seized by the officer has not expired and otherwise appears valid, the officer shall issue to the arrested person a dated receipt for that driver license, permit, or other evidence of driving privilege on a form prescribed by the Department of Public Safety. This receipt shall be recognized as a driver license and shall authorize the arrested person to operate a motor vehicle for a period not to exceed thirty (30) days. The receipt form shall contain and constitute a notice of revocation of driving privilege by the Department effective in thirty (30) days. The evidence of driving privilege and a copy of the receipt form issued to the arrested person shall be attached to the sworn report of the officer and shall be submitted by mail or in person to the Department within seventy-two (72) hours of the issuance of the receipt. The failure of the officer to timely file this report shall not affect the authority of the Department to revoke the driving privilege of the arrested person.

C. Upon receipt of a written blood or breath test report reflecting that the arrested person, if under twenty-one (21) years of age, had any measurable quantity of alcohol in the person's blood or breath, or, if the arrested person is twenty-one (21) years of age or older, a blood or breath alcohol concentration of eight-hundredths (0.08) or more, accompanied by a sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law, the Department shall revoke or deny the driving privilege of the arrested person for a period as provided by Section 6-205.1 of this title. Revocation or denial of the driving privilege of the arrested person shall become effective thirty (30) days after the arrested person is given written notice thereof by the officer as provided in this section or by the Department as provided in Section 2-116 of this title.

D. Upon the written request of a person whose driving privilege has been revoked or denied by notice given in accordance with this section or Section 2-116 of this title, the Department shall grant the person an opportunity to be heard if the request is received by the Department within fifteen (15) days after the notice. The sworn report of the officer, together with the results of any test or tests, shall be deemed true, absent any facial deficiency, should the requesting person fail to appear at the scheduled hearing. A timely request shall stay the order of the Department until the disposition of the hearing unless the person is under cancellation, denial, suspension or revocation for some other reason. The Department may issue a temporary driving permit pending disposition of the hearing, if the person is otherwise eligible. If the hearing request is not timely filed, the revocation or denial shall be sustained. (emphasis added).

Section 754 imposes two requirements: (1) a request for review in writing; and (2) request for a hearing must be submitted within fifteen (15) days of notice of revocation from DPS. Nothing in the statute imposed restrictions on how the request was to be submitted to DPS; it merely had to be in writing. See Video Gaming Tech., Inc. v. Tulsa Cnty. Bd. of Tax Roll Corr, 2019 OK 84, ¶ 11, 455 P.3d 918, 921 (recognizing that statutes are interpreted using the text's "plain and ordinary meaning unless a contrary intention plainly appears.")

¶4 DPS rejected Cole's request for a review hearing, concluding he failed to properly submit his demand. Specifically, DPS determined that amendments to OAC § 595:1-3-7, approved in September 2017, prohibited submission of a request by facsimile.[4] The amended regulation reads:

A request for a hearing must be in writing, on a form prescribed by the Department of Public Safety. This form is available at the Department's principal place of business at 3600 North Martin Luther King Avenue, Oklahoma City, OK or at www.ok.gov/DPS. The request shall be submitted to the Department of Public Safety. Hearing requests may only be submitted in person at the Department's principal place of business, or by mail to the address below. Hearing requests submitted other than in person or by mail will not be accepted and a hearing will not be granted. Hearing request forms mailed via the U.S. Postal Service shall be addressed to the Department of Public Safety, Legal Division, P.O. Box 11415, Oklahoma City, OK 73136. (emphasis added).

Yet, the prior version of OAC § 595:1-3-7 simply required the request to be submitted in writing--a draft which is entirely consistent with the wording of § 754. See 34 Okla. Reg. 1901 (eff. Sept. 1, 2017). Cole submitted his request for a hearing both in writing and in a timely manner. Submission of the review request by facsimile did not render it non-compliant; it fully complied with § 754. Cole absolutely complied with the statute and DPS undeniably received the notice. DPS rejected the notification solely because it was sent via facsimile and not by mail or in person.

¶5 I would submit that DPS rule § 595:1-3-7 sets forth additional requirements not contained in § 754(D), and therefore the two conflict. Cornett v. Carr, 2013 OK 30, ¶ 6, 302 P.3d 769, 771; see also Cordillera Ranch, Ltd. v. Kendall County Appraisal Dist., 136 S.W.3d 249, 257 (noting "[a]dministrative agency rules cannot impose additional burdens, conditions, or restrictions exceeding or inconsistent with statutory provisions."). When a rule or regulation conflicts with a statutory enactment, the statute prevails. Ark. La. Gas Co. v. Travis, 1984 OK 33, ¶ 7, 682 P.2d 225, 227.

¶6 The facts in this case all weigh in favor of Appellant and against DPS. Appellant is entitled to an administrative hearing prior to the revocation of his license. I would vacate the decision of the COCA, reinstate the decision of the district court, and compel DPS to schedule an administrative review hearing with proper notice to the Appellant and his counsel.

FOOTNOTES

[1] The procedural status of this case is not entirely clear. In May 2018, the district court concluded DPS' denial of a hearing was a violation of Cole's due process rights, and ordered the matter remanded to DPS for a review of Cole's license revocation. A journal entry memorializing this ruling was not filed until September 6, 2018. In the interim, DPS allegedly tried to comply with the district court's ruling, by scheduling a review hearing and sending notice to Cole and his attorney. DPS further alleges neither Cole nor his attorney appeared. Yet, there is nothing in the record to establish any of this actually took place; we have only been provided DPS' unsupported assertions.

[2] While appellant did submit a proposition in his brief relating to the sufficiency of his faxed request for an administrative hearing, the issue was simply laying groundwork for the actual assignment of error before the Court -- whether the trial court had authority to remedy the alleged due process violation created by DPS by remanding the case for a review hearing. See Appellant's Brief in Chief, p. 5 ("The trial court was correct the Appellant's original request was properly made and received, however, she was without authority of law in her decision to remand the matter for the Appellee to provide a hearing to the Appellant.")

[3] See generally, Osprey L.L.C. v. Kelly-Moore Paint Co., 1999 OK 50, ¶ 15, 984 P.2d 194, 199-200 (recognizing that notice by facsimile served the same purpose of providing notice as the two methods set forth in lease).

[4] This amendment was done ostensibly in connection with the enactment of S.B. 643, which provided a massive overhaul to Oklahoma's driving under the influence laws. Included in this legislation was an amendment to 47 O.S. § 754, which eliminated paragraph D--the procedure for seeking a revocation review hearing. Yet, our opinion in Hunsucker v. Fallin, 2017, OK 100, ¶ 2,408 P.3d 599,601, found S.B. 643 was unconstitutional, thereby restoring the version of § 754 in effect prior to the amendments. See Ethics Comm'n of State of Okla. v. Cullison, 1993 OK 37, ¶ 29, 850 P.2d 1069, 1078-79 (pronouncing the general rule "once the invalidly enacted statute has been declared a nullity, it leaves the law as it stood prior to the enactment.")

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 37, 850 P.2d 1069, 64 OBJ 978, Ethics Com'n of State of Okl. v. Cullison
Discussed
 1947 OK 124, 179 P.2d 688, 198 Okla. 433, GRUBB v. JOHNSON OIL REF. CO.
Discussed
 1963 OK 126, 385 P.2d 791, RIST v. WESTHOMA OIL COMPANY
Discussed
 1972 OK 155, 503 P.2d 1273, IN RE FINLEY
Discussed
 1996 OK 5, 917 P.2d 456, 67 OBJ 206, Bivins v. State ex rel. Okl. Mem. Hosp.
Discussed
 2006 OK 42, 142 P.3d 390, MCCLURE v. CONOCOPHILLIPS COMPANY
Discussed
 2006 OK 87, 152 P.3d 195, FLANDERMEYER v. BONNER
Discussed
 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Discussed
 2008 OK 31, 183 P.3d 996, HOLLIS v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2010 OK 50, 243 P.3d 1171, JOBE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2013 OK 30, 302 P.3d 769, CORNETT v. CARR
Discussed
 2014 OK 37, 327 P.3d 530, PIERCE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2017 OK 20, 392 P.3d 692, NICHOLS v. STATE ex. rel. DEPT. OF PUBLIC SAFETY
Discussed
 2017 OK 100, 408 P.3d 599, HUNSUCKER v. FALLIN
Discussed at Length
 2019 OK 84, 455 P.3d 918, VIDEO GAMING TECHNOLOGIES v. TULSA COUNTY BD. OF TAX ROLL CORRECTIONS
Discussed
 2000 OK 82, 13 P.3d 484, 71 OBJ 2668, IN THE MATTER OF A.M. & R.W.
Discussed at Length
 1999 OK 50, 984 P.2d 194, 70 OBJ 1809, Osprey L.L.C. v. Kelly-Moore Paint Co.
Discussed at Length
 1984 OK 33, 682 P.2d 225, Arkansas Louisiana Gas Co. v. Travis
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 751, Implied Consent to Breath, Blood, or Other Test for Determining Concentration of Alcohol or Other Intoxicating Substance
Cited
 47 O.S. 754, Surrender or Seizure of License - Receipt as Temporary License - Revocation or Denial of Driving Privilege - Appeal Hearing
Discussed at Length
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 250.2, Powers of Legislature - Reserved Powers
Cited
 75 O.S. 308.2, Effect of Promulgated Rule
Cited
 75 O.S. 322, Setting Aside, Modifying, or Reversing of Orders - Remand - Affirmance
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA