IN RE AMENDMENTS TO RULES FOR COURT OF TAX REVIEW
2022 OK 99
Decided: 12/19/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 99, __ P.3d __

 

IN RE: Amendments to Rules 1, 2, 3, 4, 5, 6, 9, and 11 of the Rules for the Court of Tax Review

ORDER

¶1 Rules 1, 2, 3, 4, 5, 6, 9, and 11 of the Oklahoma Court of Tax Review, Title 68, Ch. 1, art. 28, App, app.1, are hereby amended as shown on the attached Exhibit "A." Rules 1, 2, 3, 4, 5, 6, 9, and 11, with the amended language noted, are attached as Exhibit "B." The amended Rules are effective January 1, 2023.

¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on December 19, 2022.

/S/CHIEF JUSTICE

Darby, C.J., Kane, V.C.J., Winchester, Edmondson, Combs, Gurich, Rowe and Kuehn, JJ., concur;

Kauger, J., not voting.

 

 

Exhibit "A"

Rules for the Court of Tax Review

Chapter 1, Article 28, App.

Rule 1. Jurisdiction

The Court of Tax Review is vested with jurisdiction to hear complaints relating to ad valorem taxation and brought by:

1. A county assessor or taxpayer as to the valuation of any real or personal property by the county assessor at an amount in excess of Three Million Dollars ($3,000,000.00). 68 O.S.Supp.2022, §§ 2880.1, 3024(B)(1).

2. Railroads, air carriers, and public service corporations as to the valuation of property by the State Board of Equalization. 68 O.S.2021, § 2881; 68 O.S.Supp.2022, § 3024(B)(2).

3. A district attorney, upon direction of the Board of County Commissioners, as to the intra-county or inter-county equalization by the State Board of Equalization. 68 O.S.2021, § 2882; 68 O.S.Supp.2022, § 3024(B)(3).

4. A county assessor as to the orders of the Oklahoma Tax Commission relating to non-compliance of the county assessor with the regulations governing the four year revaluation cycle. 68 O.S.2021, §§ 2883, 2830(D); 68 O.S.Supp.2022, § 3024(B)(4).

5. A taxpayer as to illegalities in ad valorem tax levies. 68 O.S.2021, § 3023; 68 O.S.Supp.2022, § 3024(C).

6. A taxpayer as to illegalities in the budget for the taxing entities within the county. 68 O.S.2021, § 3023; 68 O.S.Supp.2022, § 3024(C).

7. Requests of the Oklahoma Tax Commission for reimbursement of costs resulting from the supervision of the county in the valuation of property due to noncompliance with the regulations governing the four-year revaluation cycle. 68 O.S.2021, § 2830(C); 68 O.S.Supp.2022, § 3024(B)(4).

Rule 2. Invoking Jurisdiction of the Court of Tax Review

The times within which to file a complaint of the State Board of Equalization or notice of intent to appeal a decision of the Oklahoma Tax Commission as provided by statute is jurisdictional and may not be waived or otherwise extended. The Jurisdiction of the Court of Tax Review shall be invoked by:

1. The timely filing with the State Auditor and Inspector of a complaint challenging the legality of the budget for the taxing entities within the county or the legality of the tax levy. 68 O.S.2021, § 3023.

2. The timely filing with the Clerk of the Appellate Courts of a complaint challenging a valuation or equalization order of the State Board of Equalization. 68 O.S.2021, § 2882; 68 O.S.Supp.2022, §§ 2880.1, 2881.

3. The timely filing with the Clerk of the Appellate Courts of an intent to appeal a decision of non-compliance. 68 O.S.2021, § 2883.

Rule 3. Pleadings

A. Strict Compliance. Complaints and notices of intent to appeal shall be in strict compliance with the following:

1. An original and four copies of all pleadings, complaints, protests, notices of intent to appeal, responses and other filings shall be prepared on 8 1/2 " x 11" paper only.

2. In all proceedings the complaint, notice, or protest must state the county in which the property which is the subject of the proceeding is located.

3. In all proceedings where the Oklahoma Tax Commission is required by statute to prescribe the form for filing a complaint or notice with the Court of Tax Review a completed copy of the form shall be attached to the complaint or notice filed with the Court of Tax Review.

4. Proceeding pursuant to § 2881: A complaint filed with the Court of Tax Review pursuant to 68 O.S.2021, § 2881 must comply with Rule 11 Form No. 1. The Complaint must state the year of the ad valorem assessment to be reviewed. The Complaint must have attached as Exhibit A the properly completed Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review (Form OTC 989) prescribed by the Oklahoma Tax Commission. Id. § 2881(A). The Complaint must specify the counties where the property is located. The Complaint must be filed within twenty (20) days of the notice of assessment, and the Complaint must have attached as Exhibit B a copy of the notice of ad valorem tax assessment that the taxpayer received from the State Board of Equalization. Id. The Complaint shall specify the amount of the assessed valuation protested. Id.

5. Proceeding pursuant to § 2880.1: An appeal of any decision from a county board of equalization to the Court of Tax review must be filed within thirty (30) calendar days of the date the board's order was mailed, or in the event that the order was delivered, from the date of delivery. 68 O.S.Supp.2022, § 2880.1(B). The appeal shall be made upon the Complaint for Review form available in Rule 11 Form No. 3. A Complaint for Review filed by an appealing taxpayer must state whether the county board of equalization assessed any costs against the appealing taxpayer for failure to appear at a scheduled hearing and whether such costs have been paid. See id. § 2880.1(D). The Complaint for Review must have attached as Exhibit A a file-stamped copy of the notice of appeal that 68 O.S.Supp.2022, §2880.1(B) requires to be filed with the county clerk. The Complaint for Review must also have attached as Exhibit B an appendix containing the record on appeal, which shall include the following documents:

Any complaint/protest filed with the county assessor pursuant to 68 O.S.Supp2022, § 2876(E);

Any decision/order from the county assessor issued pursuant to 68 O.S.Supp.2022, §2876(G);

Any appeal to the county board of equalization that gets filed with said board or with the county clerk pursuant to 68 O.S.Supp.2022, §§ 2876(G) and 2880.1(B);

Any notifications that the county board of equalization sent to the taxpayer fixing the date of a hearing pursuant to 68 O.S.Supp.2022, § 2877(A) or (B);

Any notification that the taxpayer sent to the county board of equalization pursuant to 68 O.S. Supp.2022, § 2877(D) to explain the reason for an absence at a hearing;

Any affidavits signed by members of the county board of equalization or by the parties to the proceeding pursuant to 68 O.S.Supp.2022, § 2877(E)(2) or (3);

Any evidence presented by the parties pursuant to 68 O.S.Supp.2022, § 2877(A);

Any books, records, or papers that the county board of equalization obtains via subpoena pursuant to 68 O.S.Supp.2022, § 2877(A);

Any transcription or tape recording of the hearing before the county board of equalization made pursuant to 68 O.S.Supp.2022, § 2877(A); and

Any decision/order of the county board of equalization issued pursuant to 68 O.S.Supp.2022, § 2877(A) or filed with the county clerk pursuant to 68 O.S.Supp.2022, §2880.1(B).

B. Substantial Compliance. Complaints, protests, and notices of intent to appeal shall be in substantial compliance with the applicable provisions of Title 68 authorizing the filing thereof.

Rule 4. Clerk of the Court of Tax Review

The Clerk of the Oklahoma Supreme Court shall serve as the Clerk of the Court of Tax Review. 68 O.S.2021, § 3024. The entire file relating to a complaint filed with the State Auditor and Inspector shall be transmitted to the Oklahoma Supreme Court Clerk upon the expiration of sixty days from the filing of the budgets and levies. 68 O.S.1991 § 3023(b). All subsequent filings in complaints filed with the State Auditor and Inspector shall be filed with the Clerk of the Appellate Courts. The Clerk of the Court of Tax Review may give notice of pending proceedings using Rule 11, Form No. 2.

Rule 5. Court of Tax Review Panel

The Chief Justice of the Oklahoma Supreme Court shall assign a case to a judicial administrative district in which no property that is the subject of the case is located. The presiding judge of the judicial administrative district to which the case is assigned shall appoint a panel of three judges of the district court or of any judicial administrative district who are active or retired judges qualified to preside over such cases, who shall determine in what county the case will be heard. 68 O.S.Supp.2022 § 3024. All complaints, protests or notices of intent to appeal, or as many as practical, involving the same county or property in the same county will be assigned to the panel. Unless otherwise designated by the Chief Justice, the senior judge in terms of total years of judicial service shall serve as Chief Judge of the panel. 

Rule 6. Time and Place of Holding Court and Scheduling Conference

The Chief Judge shall convene the panel at times as provided by law and at such other necessary times at a location convenient to the judges, parties and counsel. Whenever possible, the panel shall hear matters at issue in all protests involving the same county on the same date. 68 O.S.2021, § 3025. Upon order of the Chief Judge, the Clerk of the Court of Tax Review shall notify the parties of all hearings. Notice of hearings shall be given by mail within a reasonable time prior to the hearing.
In a proceeding upon a complaint regarding valuation of public service corporation property by the State Board of Equalization as authorized by § 2881 of Title 68 a scheduling conference shall be held within twenty (20) days of the date the answer is filed by the State Board of Equalization.

Rule 9. Trial Proceedings in Which the State Board of Equalization or the Oklahoma Tax Commission is the Respondent

The State Board of Equalization has the burden of proof of supporting its action which is the subject of the complaint. 68 O.S.2021, § 2882(D). The Oklahoma Tax Commission has the burden of proof of supporting its action which is the subject of the appeal. 68 O.S.2021, § 2883(C). Accordingly, the State Board of Equalization or the Oklahoma Tax Commission must first produce the evidence supporting its action. The complaining party must then produce the evidence in support of the complaint or protest. The parties may then produce rebutting evidence unless the panel, in furtherance of justice, permits the parties to offer further evidence in their original cases.

Rule 11. Forms

Form No. 1--Taxpayer complaint pursuant to 68 O.S.2021, § 2881.

IN THE COURT OF TAX REVIEW OF THE STATE OF OKLAHOMA

 
 
 
 _______________________ )
 _______________________ )
 _______________________ )
                                          )
 Complainant,                      )
                                          )
 v.                                       )
                                          )

 OKLAHOMA STATE          )
 BOARD OF                       )
 EQUALIZATION                 )
                                         )
 Respondent.                      )
 
 
  

 No. ____________
 
 
 

 

COMPLAINT FOR REVIEW OF AD VALOREM
ASSESSMENT FOR ____________
(YEAR)

The complainant taxpayer, _______________, for its Complaint for Review of its _____ ad valorem property assessment states as follows:

1. Attached hereto as Exhibit A is the properly completed Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review (Form OTC 989) from the Oklahoma Tax Commission for filing a complaint pursuant to 68 O.S.2021, § 2881.

2. The property assessed in this case is located in the following congressional districts of the State of Oklahoma: _______________.

3. Attached as Exhibit B is a copy of the notice of ad valorem assessment mailed to the taxpayer.

4. The property assessed in this case is located in the following counties of the State of Oklahoma: ____________________.

5. The amount of the assessed valuation protested: _______________

Complainant shall specify grievances and pertinent facts in relation thereto in ordinary and concise language in such a manner to enable a person of common understanding to know what is intended. The Complainant shall specify the grounds for the protest. The Complainant shall make these allegations in subsequently numbered paragraphs herein using as many paragraphs and pages as are necessary to present the allegations in concise language.

6. SERVICE BY COUNSEL

DATE: _______________________, 20___.
Signature: ___________________________
(Signature of Attorney)
Attorney for _________________________
(Complainant)
OBA No.: _____________________________
Firm: ________________________________
Address: _____________________________
______________________________________
______________________________________
Telephone: ___________________________

CERTIFICATE OF SERVICE

I, __________, hereby certify that in addition to filing the original Complaint for Review of Ad Valorem Assessment for _____ with the Clerk of the Court of Tax Review copies of the foregoing Complaint were mailed by first class mail, postage prepaid, this __ day of __________ 20___, to the Secretary of the State Board of Equalization, Oklahoma Attorney General, and General Counsel of the Oklahoma Tax Commission at the following addresses:

__________________________________________________
(Name of Secretary of State Bd. of Equalization)
Secretary, State Board of Equalization
__________________________________________________
__________________________________________________

__________________________________________________
(Name of General Counsel, Oklahoma Tax Commission)
General Counsel, Oklahoma Tax Commission
__________________________________________________
__________________________________________________

__________________________________________________
(Name of Oklahoma Attorney General)
Attorney General, State of Oklahoma
__________________________________________________
__________________________________________________

Form No. 2--Notice by Clerk of the Court of Tax Review.

IN THE COURT OF TAX REVIEW OF THE STATE OF OKLAHOMA

NOTICE OF FILING PROTEST

On the ___ day of __________, 20___, the attached protest was filed with the Court of Tax Review of the State of Oklahoma. It was given case number:

__________. Any filings and correspondence concerning this matter should be addressed to:

Court of Tax Review
c/o Clerk of the Supreme Court
P.O. Box 53126
Oklahoma City, OK 73152

or

Court of Tax Review
c/o Clerk of the Supreme Court
Room B-2, State Capitol Bldg.
2300 N. Lincoln
Oklahoma City, OK 73105

DATED THIS _____ day of __________, 20___.

[Name of Clerk], Clerk

Court of Tax Review

By: ____________________________.

 

 

 

Exhibit "B"

Rules for the Court of Tax Review

Chapter 1, Article 28, App.

Rule 1. Jurisdiction

The Court of Tax Review is vested with jurisdiction to hear complaints relating to ad valorem taxation and brought by:

1. A county assessor or taxpayer as to the valuation of any real or personal property by the county assessor at an amount in excess of Three Million Dollars ($3,000,000.00). 68 O.S.Supp.2022, §§ 2880.1, 3024(B)(1).

12. Railroads, air carriers, and public service corporations as to the valuation of property by the State Board of Equalization. 68 O.S.Supp.19952021, § 2881; (as amended by H.B. 1338, eff. July 1, 1997) and 68 O.S.Supp.2022, 1996 § 3024(B)(2). (as amended by H.B. 1338, eff. July 1, 1997).

23. A district attorney, upon direction of the Board of County Commissioners, as to the intra-county or inter-county equalization by the State Board of Equalization. 68 O.S.19912021, § 2882; and 68 O.S.Supp.19962022, § 3024(B)(3). (as amended by H.B. 1338, eff. July 1, 1997).

34. A county assessor as to the orders of the Oklahoma Tax Commission relating to non-compliance of the county assessor with the regulations governing the four year revaluation cycle. 68 O.S.19912021, §§ 2883, 2830(D); and 68 O.S.Supp.1996 2022, §§ 2830, 3024(B)(4).

45. A taxpayer as to illegalities in ad valorem tax levies. 68 O.S.2021,1991 § 3023; and 68 O.S.Supp.1996 2022, § 3024(C). (as amended by H.B. 1338, eff. July 1, 1997).

56. A taxpayer as to illegalities in the budget for the taxing entities within the county. 68 O.S.2021,1991 § 3023; and 68 O.S.Supp.1996 2022, § 3024(C). (as amended by H.B. 1338, eff. July 1, 1997).

67. Requests of the Oklahoma Tax Commission for reimbursement of costs resulting from the supervision of the county in the valuation of property due to noncompliance with the regulations governing the four-year revaluation cycle. 68 O.S.Supp.19962021, § 2830(C); 68 O.S.Supp.2022, § 3024(B)(4).

Rule 2. Invoking Jurisdiction of the Court of Tax Review

The times within which to file a complaint of the State Board of Equalization or notice of intent to appeal a decision of the Oklahoma Tax Commission as provided by statute is jurisdictional and may not be waived or otherwise extended. The Jurisdiction of the Court of Tax Review shall be invoked by:

1. The timely filing with the State Auditor and Inspector of a complaint challenging the legality of the budget for the taxing entities within the county or the legality of the tax levy. 68 O.S.19912021, § 3023.

2. The timely filing with the Clerk of the Appellate Courts of a complaint challenging a valuation or equalization order of the State Board of Equalization. 68 O.S.2021,1991 § 2882; and 68 O.S.Supp.2022,1995 §§ 2880.1, 2881 (as amended by H.B. 1338, eff. July 1, 1997).

3. The timely filing with the Clerk of the Appellate Courts of an intent to appeal a decision of non-compliance. 68 O.S.2021,1991 § 2883.

Rule 3. Pleadings

A. Strict Compliance. Complaints and notices of intent to appeal shall be in strict compliance with the following:

1. An original and four copies of all pleadings, complaints, protests, notices of intent to appeal, responses and other filings shall be prepared on 8 1/2 " x 11" paper only.

2. In all proceedings the complaint, notice, or protest must state the county in which the property which is the subject of the proceeding is located.

3. In all proceedings where the Oklahoma Tax Commission is required by statute to prescribe the form for filing a complaint or notice with the Court of Tax Review a completed copy of the form shall be attached to the complaint or notice filed with the Court of Tax Review.

4. Proceeding pursuant to § 2881: A complaint filed with the Court of Tax Review pursuant to 68 O.S.Supp.19952021, § 2881 (as amended by H.B. 1338, eff. July 1, 1997), must comply with Rule 11 Form No. 1. The Complaint must state the year of the ad valorem assessment to be reviewed. The Complaint must have attached as Exhibit A the properly completed Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review (Form OTC 989) form prescribed by the Oklahoma Tax Commission. Id. § 2881(A). 68 O.S.Supp.1995 § 2881(A), (as amended by H.B. 1338, eff. July 1, 1997). The Complaint must specify the counties where the property is located. The Complaint must be filed within thirty (30) twenty (20) days of the notice of assessment, and the Complaint must have attached as Exhibit B a copy of the notice of ad valorem tax assessment that the taxpayer received from the State Board of Equalization. Id. 68 O.S.Supp.19952021,§ 2881(A), (as amended by H.B. 1338, eff. July 1, 1997). The Complaint shall specify the amount of the assessed valuation protested. Id.

5. Proceeding pursuant to § 2880.1: An appeal of any decision from a county board of equalization to the Court of Tax review must be filed within thirty (30) calendar days of the date the board's order was mailed, or in the event that the order was delivered, from the date of delivery. 68 O.S.Supp.2022, § 2880.1(B). The appeal shall be made upon the Complaint for Review form available in Rule 11 Form No. 3. A Complaint for Review filed by an appealing taxpayer must state whether the county board of equalization assessed any costs against the appealing taxpayer for failure to appear at a scheduled hearing and whether such costs have been paid. See id. § 2880.1(D). The Complaint for Review must have attached as Exhibit A a file-stamped copy of the notice of appeal that 68 O.S.Supp.2022, §2880.1(B) requires to be filed with the county clerk. The Complaint for Review must also have attached as Exhibit B an appendix containing the record on appeal, which shall include the following documents:

Any complaint/protest filed with the county assessor pursuant to 68 O.S.Supp2022, § 2876(E);

Any decision/order from the county assessor issued pursuant to 68 O.S.Supp.2022, §2876(G);

Any appeal to the county board of equalization that gets filed with said board or with the county clerk pursuant to 68 O.S.Supp.2022, §§ 2876(G) and 2880.1(B);

Any notifications that the county board of equalization sent to the taxpayer fixing the date of a hearing pursuant to 68 O.S.Supp.2022, § 2877(A) or (B);

Any notification that the taxpayer sent to the county board of equalization pursuant to 68 O.S. Supp.2022, § 2877(D) to explain the reason for an absence at a hearing;

Any affidavits signed by members of the county board of equalization or by the parties to the proceeding pursuant to 68 O.S.Supp.2022, § 2877(E)(2) or (3);

Any evidence presented by the parties pursuant to 68 O.S.Supp.2022, § 2877(A);

Any books, records, or papers that the county board of equalization obtains via subpoena pursuant to 68 O.S.Supp.2022, § 2877(A);

Any transcription or tape recording of the hearing before the county board of equalization made pursuant to 68 O.S.Supp.2022, § 2877(A); and

Any decision/order of the county board of equalization issued pursuant to 68 O.S.Supp.2022, § 2877(A) or filed with the county clerk pursuant to 68 O.S.Supp.2022, §2880.1(B).

B. Substantial Compliance. Complaints, protests, and notices of intent to appeal shall be in substantial compliance with the applicable provisions of Title 68 authorizing the filing thereof.

Rule 4. Clerk of the Court of Tax Review

The Clerk of the Oklahoma Supreme Court shall serve as the Clerk of the Court of Tax Review. 68 O.S.Supp.19962021, § 3024 (as amended by H.B. 1338, eff. July 1, 1997). The entire file relating to a complaint filed with the State Auditor and Inspector shall be transmitted to the Oklahoma Supreme Court Clerk upon the expiration of sixty days from the filing of the budgets and levies. 68 O.S.1991 § 3023(b). All subsequent filings in complaints filed with the State Auditor and Inspector shall be filed with the Clerk of the Appellate Courts. The Clerk of the Court of Tax Review may give notice of pending proceedings using Rule 11, Form No. 2.

Rule 5. Court of Tax Review Panel

The Chief Justice of the Oklahoma Supreme Court shall assign a case to a judicial administrative district in which no property that is the subject of the case is located. The presiding judge of the judicial administrative district to which the case is assigned shall appoint a panel of three judges of the district court or of any judicial administrative district who are active or retired judges qualified to preside over such cases, who shall determine in what county the case will be heard. 68 O.S.Supp.19962022 § 3024 (as amended by H.B. 13383901, eff. July Jan.1, 19972023). All complaints, protests or notices of intent to appeal, or as many as practical, involving the same county or property in the same county will be assigned to the panel. Unless otherwise designated by the Chief Justice, the senior judge in terms of total years of judicial service shall serve as Chief Judge of the panel. All cases that were assigned to a panel of the Court of Tax Review prior to July 1, 1997 shall remain with the panel assigned for final determination. 68 O.S.Supp.1996 § 3024 (as amended by H.B. 1338, eff. July 1, 1997).

Rule 6. Time and Place of Holding Court and Scheduling Conference

The Chief Judge shall convene the panel at times as provided by law and at such other necessary times at a location convenient to the judges, parties and counsel. Whenever possible, the panel shall hear matters at issue in all protests involving the same county on the same date. 68 O.S.2021, 1991 § 3025. Upon order of the Chief Judge, the Clerk of the Court of Tax Review shall notify the parties of all hearings. Notice of hearings shall be given by mail within a reasonable time prior to the hearing.
In a proceeding upon a complaint regarding valuation of public service corporation property by the State Board of Equalization as authorized by § 2881 of Title 68 a scheduling conference shall be held within twenty (20) days of the date the answer is filed by the State Board of Equalization.

Rule 9. Trial Proceedings in Which the State Board of Equalization or the Oklahoma Tax Commission is the Respondent

The State Board of Equalization has the burden of proof of supporting its action which is the subject of the complaint. 68 O.S.2021,Supp.1995 § 28812(D), (as amended by H.B. 1338, eff. July 1, 1997). The Oklahoma Tax Commission has the burden of proof of supporting its action which is the subject of the appeal. 68 O.S.2021,1991 § 2883(C). Accordingly, the State Board of Equalization or the Oklahoma Tax Commission must first produce the evidence supporting its action. The complaining party must then produce the evidence in support of the complaint or protest. The parties may then produce rebutting evidence unless the panel, in furtherance of justice, permits the parties to offer further evidence in their original cases.

Rule 11. Forms

Form No. 1--Taxpayer complaint pursuant to 68 O.S.2021,Supp.1995 § 2881, (as amended

by H.B. 1338, eff. July 1, 1997).

IN THE COURT OF TAX REVIEW OF THE STATE OF OKLAHOMA

 
 
 
 _______________________ )
 _______________________ )
 _______________________ )
                                          )
 Complainant,                      )
                                          )
 v.                                       )
                                          )
 OKLAHOMA STATE           )
 BOARD OF                        )
 EQUALIZATION                  )
                                          )
 Respondent.                       )
                                          )
 
 
  

  

  

 No. ____________
 
 
 

 

COMPLAINT FOR REVIEW OF AD VALOREM
ASSESSMENT FOR ____________
(YEAR)

The complainant taxpayer, _______________, for its Complaint for Review of its _____ ad valorem property assessment states as follows:

1. Attached hereto as Exhibit A is the properly completed Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review (Form OTC 989) form specified by from the Oklahoma Tax Commission for filing a complaint pursuant to 68 O.S.2021,Supp.1995 § 2881.

2. The property assessed in this case is located in the following congressional districts of the State of Oklahoma: _______________.

3. Attached as Exhibit B is a copy of the notice of ad valorem assessment mailed to the taxpayer.

4. The property assessed in this case is located in the following counties of the State of Oklahoma: ____________________.

5. The amount of the assessed valuation protested: _______________

Complainant shall specify grievances and pertinent facts in relation thereto in ordinary and concise language in such a manner to enable a person of common understanding to know what is intended. The Complainant shall specify the grounds for the protest. The Complainant shall make these allegations in subsequently numbered paragraphs herein using as many paragraphs and pages as are necessary to present the allegations in concise language.

6. SERVICE BY COUNSEL

DATE: _______________________, 1920___.
Signature: ___________________________
(Signature of Attorney)
Attorney for _________________________
(Complainant)
OBA No.: _____________________________
Firm: ________________________________
Address: _____________________________
______________________________________
______________________________________
Telephone: ___________________________

CERTIFICATE OF SERVICE

I, __________, hereby certify that in addition to filing the original Complaint for Review of Ad Valorem Assessment for _____ with the Clerk of the Court of Tax Review copies of the foregoing Complaint were mailed by first class mail, postage prepaid, this __ day of __________ 19920___, to the Secretary of the State Board of Equalization, Oklahoma Attorney General, and General Counsel of the Oklahoma Tax Commission at the following addresses:

__________________________________________________
(Name of Secretary of State Bd. of Equalization)
Secretary, State Board of Equalization
__________________________________________________
__________________________________________________

__________________________________________________
(Name of General Counsel, Oklahoma Tax Commission)
General Counsel, Oklahoma Tax Commission
__________________________________________________
__________________________________________________

__________________________________________________
(Name of Oklahoma Attorney General)
Attorney General, State of Oklahoma
__________________________________________________
__________________________________________________

Form No. 2--Notice by Clerk of the Court of Tax Review.

IN THE COURT OF TAX REVIEW OF THE STATE OF OKLAHOMA

NOTICE OF FILING PROTEST

On the ___ day of __________, 1920___, the attached protest was filed with the Court of Tax Review of the State of Oklahoma. It was given case number:

__________. Any filings and correspondence concerning this matter should be addressed to:

Court of Tax Review
c/o Clerk of the Supreme Court
P.O. Box 53126
Oklahoma City, OK 73152

or

Court of Tax Review
c/o Clerk of the Supreme Court
Room B-2, State Capitol Bldg.
2300 N. Lincoln
Oklahoma City, OK 73105

DATED THIS _____ day of __________, 1920___.

[Name of Clerk], Clerk

Court of Tax Review

By: ____________________________.