Bill LUSTER and Edith
Luster, Appellants,

v.

The BANK OF CHELSEA, a state
banking corporation, and Wanda
Lee Thomas, Appellees.

No. 60819.

Supreme Court of Oklahoma.

Dec. 2, 1986.

Gordon and Gordon by Jack E. Gordon, Jr. and Gary Barnett, Claremore, for appellants.

James P. Tanner, Claremore, for appellees Bank of Chelsea and Wanda Lee Thomas.

HODGES, Justice.

The dispositive issue on certiorari in this quiet title suit is whether the County Treasurer's Resale Tax Deed by which Bill and Edith Luster (plaintiffs/appellees or Lusters) take title to the real property in question is valid and passes title to them free and clear of all other claims and interests to said property, except certain rights-of-way and easements of certain defendants. We answer in the negative. The unpub-

lished Memorandum Opinion of the Court of Appeals, Division 2, is vacated. We affirm that part of the trial court's judgment which finds The Bank of Chelsea (defendant/appellant or Bank) has a valid and subsisting mortgage against the property and reverse that part of the judgment which finds with respect to James A. Thomas and Wanda Lee Thomas (defendants/appellants or Thomases) that all matters pertaining to the issuance of the tax certificates and sale at the tax resale, including listing, advertisement and notice thereof, were in substantial compliance with Oklahoma statutes, and that the resale tax deed is valid and passed full fee simple title to the Lusters. We hold the manner of notice provided to appellants, in the circumstances of this case, did not measure up to the quality of notice which the Due Process Clause of the Fourteenth Amendment requires.

The facts established at trial are that in 1974, the Thomases acquired title to this property by a joint tenancy warranty deed. The Thomases made a loan for the purchase and mortgaged the property to a bank in Chelsea. During the course of the loan with that bank, money was allegedly escrowed and the ad valorem tax was paid by the mortgagee. The Thomases later changed their loan for the purchase of the property to The Bank of Chelsea. In 1977, the Thomases mortgaged the property to the defendant Bank to secure a promissory note in the original amount of $16,500. The Thomases renewed the 1977 mortgage to the Bank in 1979 to secure a promissory note in the original amount of $23,109.05. The mortgage was filed of record in the office of the County Clerk of Rogers County. The ad valorem taxes on the property were not paid for the years 1976, 1977, 1978 and 1979. Mrs. Thomas testified she regularly made her mortgage payments to the Bank and was under the assumption the Bank would handle the payment of the taxes in the same procedure as the other bank. She testified she did not receive any delinquent tax notices and was unaware the taxes were not paid until summons was served on her by the Lusters in the present lawsuit in December of 1981.

A Legal Notice of Sale of Real Estate for Delinquent Taxes located in Rogers County was published in The Chelsea Reporter on August 25, September 1 and 8, 1977, under 68 O.S. 1971 §§ 24311–24317 and 68 O.S. Supp. 1973 § 24312. The notice listed the tract as follows:

"CHELSEA TWP

. . . . .

W 47.35 A L–1 & L–2 § N19. 23' of L–3 less N 358' of L–1. Sec. 19, Twp. 24, Rng. 17, James A. Thomas, owner, Ad Val 1976, Amt. Due 44.30, Int. 3.54, Costs and Fees 2.79, Total Due 50.63."

On October 3, 1977, the property was offered for sale at the certificate tax sale by the County Treasurer. In the absence of any bidders, the property was bid off in the name of Rogers County and a separate tax sales certificate was issued thereon.

It is undisputed in 1977 the County Treasurer of Rogers County inadvertently changed his records so that the tax rolls reflected as owner of the property, Walter Vaughn, an undivided mineral interest owner.

The original certificate remained unredeemed for a period of more than two (2) years from the time of its issuance in 1977. A Legal Notice of Resale of Real Estate for Taxes in Rogers County was published in the Claremore Daily Progress on May 8, 15, 22 and 29, 1980, under 68 O.S. 1971 §§ 24329–24337. The Notice described the tract as follows:

"Chelsea Twp

W47. 35aL–1 & L–2 & N 19 23' of L3 less N 358' of L–1, Sec. 19, Twp. 24, Rng. 17, Walter A. Vaughn, Ad val. 1979, 1978, 1977, 1976, Date sold 10–3–77, Amt. Due $242.65."

The County Treasurer also gave personal notice by certified mail to Walter A. Vaughn on March 27, 1980 and April 1, 1980, which contained a delinquent tax statement dated March 31, 1980, that reflected $210.73 as the total amount of delinquent taxes due. The notice was returned

to the County Treasurer on April 11, 1980, for the reason that the addressee was unknown.

On June 9, 1980, the property was sold to Bill Luster at the tax resale for $1,500. The property was conveyed to him by a County Treasurer's Resale Tax Deed dated June 10, 1980. The resale deed was challenged at trial and on counter appeal by Mrs. Thomas and the Bank.

The property in question was occupied by the Thomases from 1973 to May 1981, the date of death of Mr. Thomas. Mrs. Thomas continued occupancy of the property until June of 1981.

In December of 1981, the Lusters brought suit to quiet title in the property subject to certain right-of-way easements. Mrs. Thomas and the Bank argued against quieting title in the Lusters on the ground they were not given proper notice. The trial court entered a judgment against Mrs. Thomas, the surviving joint tenant of Mr. Thomas, rejecting her contention that the County Treasurer was without jurisdiction to sell the property because of alleged improper notice of the time and place of the resale, the insufficient legal description of the property and the incorrect listing of the title owner. The trial court found the resale deed to be valid in all respects and to be in substantial compliance with the laws of the State of Oklahoma. The trial court further found the County Treasurer had authority to issue the resale tax deed for the resale was in substantial compliance with the statutes of Oklahoma. It quieted title in the Lusters, subject to the Bank's mortgage and certain easements, notwithstanding its factual finding the County Treasurer notified the Bank concerning taxes on the property and the Bank had actual notice of the tax resale.

The Lusters appealed the part of the trial court's judgment which found the resale deed did not extinguish the Bank's mortgage. Mrs. Thomas counter-appealed. The Court of Appeals, Division 2, in an unpublished Memorandum Opinion affirmed that part of the trial court's judgment sustaining the resale tax deed whereby the County Treasurer conveyed the property to the Lusters. However, it reversed that part of the judgment sustaining the mortgage on the property held by the Bank on the basis of its finding that a real estate mortgage is not an "interest owned" for purposes of 68 O.S. 1981 § 24323.1.

We have previously granted the petition for certiorari jointly filed by Mrs. Thomas and the Bank. It is urged the County Treasurer was without jurisdiction to sell the property and to convey title to the Lusters as the mailed notice and published notices during both the original sale and the resale of the property did not satisfy the fundamental requisite of due process of law under the Fourteenth Amendment of the United States Constitution. Mrs. Thomas and the Bank assert under this proposition the mailed notice to Mr. Vaughn, a stranger to the title of the property, omitted the exact time and place of the sale as required by statute, rendering the notice defective. They further argue notice by publication is insufficient and a more effective means such as personal service or mailed notice to both the true owner, Mrs. Thomas, and the Bank, mortgagee, is required under *Mennonite Board of Mission v. Adam,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Finally, they contend a mortgage is an interest in property within the ambit of 68 O.S. 1981 § 24323.1 and, thus, is not subject to conveyance by either the certificate tax deed or the resale tax deed.

Inasmuch as notice is a jurisdictional requirement, primary and fundamental in every case, this Court must inquire into its own jurisdiction as well as to the jurisdiction of the court from which the appeal was taken, regardless of whether it is raised by any party or not. *Cate v. Archon Oil Co., Inc.,* 695 P.2d 1352, 1356 n. 12 (Okla.1985); *Pointer v. Hill,* 536 P.2d 358, 361 (Okla. 1975).

The pivotal question presented by this case is whether Mrs. Thomas and the Bank were afforded adequate notice reasonably calculated, under all the circumstances, to

apprise them of the sale of the subject property for delinquent taxes and the subsequent resale thereof. The focus of our inquiry is not whether the notice substantially complied with state statutory procedures; but rather, whether the notice satisfied the elementary and fundamental requirement of due process. *In Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the leading case on due process requirements as to notice, the United States Supreme Court held where an action affects a person's interest in life, liberty or property such person is entitled to notice reasonably calculated, under all the circumstances, to be apprised of the pendency of the action and afforded an opportunity to present objections.

In the instant case, both Mrs. Thomas, the surface property owner, and the Bank, the mortgagee, possess substantial property interests that are significantly affected by the tax sale and resale. It is unquestioned Mrs. Thomas, as the surface owner, has a legally protected property interest. With respect to the Bank, *Mennonite Bd. of Missions v. Adams, supra,* is applicable. The United States Supreme Court held notice by publication and posting was insufficient to satisfy due process requirements as to a mortgagee of real estate because a mortgagee was found to have a legally protected property interest. Under Indiana law, as in Oklahoma, a mortgagee acquires a lien on the owner's property. *Hart v. Bingman,* 171 Okl. 429, 43 P.2d 447 (1935). The Court held when a mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last-known available address or by personal service if its name and address are reasonably ascertainable.

Oklahoma law at the time of the original sale provided for notice by publication of the annual sale of real property for delinquent taxes and special assessments. 68 O.S. 1981 § 24312 (amended 1984). Publication notice is to contain a notification that all lands that are delinquent and remain due and unpaid would be sold, the time and place of the sale, a list of the lands to be sold, *the name of the last owner as reflected by the records in the office of the county treasurer* and the amount of the taxes due and delinquent. *Id.* In addition, the county treasurer is required to give notice by certified mail by mailing to *the owner of the real property as shown by the last tax rolls in his office,* stating the time and place thereof and showing the legal description of the property being sold. *Id.* At the time of the resale, Oklahoma law provided for notice by publication. 68 O.S. 1981 § 24331 (amended 1984). Such notice is to contain a description of the property to be sold, *the name of the owner of the property as shown by the last tax rolls in the office of the county treasurer,* the time and place of sale, a statement of the date on which the property was sold to the county for delinquent taxes, the year or years for which taxes have been assessed but remain unpaid and a statement that the same has not been redeemed for the period of two years from the date of sale, the total amount of all delinquent taxes, costs, penalties and interest accrued, due and unpaid on the same, and a statement that such real estate will be sold to the highest bidder for cash. *Id.* The owner of the real estate, *as shown by the last tax rolls in his office,* is also entitled to notice by certified mail stating the time and place of resale and showing the legal description of the owner's property.[1] *Id.*

Although the Lusters argue the trial court correctly found that all matters pertaining to the tax certificates and the sale at the tax resale were in compliance with

---

1. In 1984, the Legislature amended § 24331, requiring the county treasurer to also give notice by certified mail to all mortgagees of record of the real estate to be resold. The amendment provides that failure to send notice to any mortgagee will not invalidate the resale, but the resale tax deed would be ineffective to extinguish any mortgage on the property of a mortgagee to whom no notice was sent. Because the facts in the present case occurred before the 1984 amendment, the constitutionality of the amendment is not before us.

the statutes, this is not determinative of this appeal. It is the totality of the circumstances and conditions of each individual case that determines if the constitutional requirements of due process are satisfied. *Walker v. City of Hutchinson*, 352 U.S. 112, 115, 77 S.Ct. 200, 202, 1 L.Ed.2d 178 (1956); *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. Due to no fault of Mrs. Thomas, the County Treasurer did not mail written notice of either the original sale or the resale of the property to her because the tax rolls erroneously reflected another person as record owner. The publication advertising the resale similarly named Mr. Vaughn as the owner rather than the Thomases. Concededly, the published notice of the original sale listed Mr. Thomas as the owner. However, as stated in *Cate*, 695 P.2d at 1356:

> "Theoretically, publication may be available for all the world to see, but it is presumptuous to suppose that anyone could read all that is published to see if something may be reported which affects his/her property interest. Exclusive reliance on an inefficacious means of notification cannot be permitted under the *Mullane* doctrine—neither necessity nor efficiency can abrogate the rule that, within the limits of practicability, notice must be reasonably calculated to reach the interested parties."

In light of the peculiar facts and circumstances of this case, we find the notices were insufficient to apprise Mrs. Thomas and the Bank. The County Treasurer unconstitutionally exercised jurisdiction of the original sale and resale upon which the resale tax deed was based. Thus, the challenged resale tax deed is void for lack of jurisdiction of the County Treasurer to make resale of the property. Consequently, the Bank and Mrs. Thomas are not barred by the 12 month period of limitation prescribed by 68 O.S. 1981 § 24335 from challenging the deed. *Morton v. Van Orsdol*, 203 Okl. 394, 222 P.2d 520 (1950).

Even if the Bank had actual notice of the tax resale as expressly found by the trial court, the resale deed is void by virtue of insufficient notice to Mrs. Thomas and title to the subject property should be quieted in her. Hence, it naturally follows the Bank's mortgage cannot be extinguished by the void resale deed. We now find it unnecessary to consider the issue raised by the Lusters as to whether the resale deed extinguished the Bank's mortgage under § 24323.1.

In conclusion, we vacate the Memorandum Opinion of the Court of Appeals. We reverse that part of the trial court's judgment quieting title in the property in favor of the Lusters and affirm that part of the trial court's judgment which finds the Bank has a valid mortgage against the property and certain defendants not parties to this appeal have valid easements in and to the property. We remand the case with instructions to cancel the resale deed and quiet title in Mrs. Thomas.

DOOLIN, V.C.J., and HARGRAVE, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., and LAVENDER, J., concur in result.