2000 OK CIV APP 126

Timothy DECKER, Plaintiff/Appellee,

v.

Carol JAMES, Defendant/Appellant.

and

Nations Bank, N.A., Defendant.

No. 93948.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 10, 2000.

Certiorari Denied Oct. 24, 2000.

John J. Livingston, Tulsa, OK, for Plaintiff/Appellee.

Terry J. Barker, Joseph C. Woltz, Robert N. Lawrence, Pezold, Caruso, Barker & Woltz, Tulsa, OK, for Defendant/Appellant.

OPINION

ADAMS, J:

¶1 In September of 1996, the Tulsa County Treasurer listed property owned by Carol James in Tulsa County, Oklahoma for sale for delinquent ad valorem taxes. The treasurer caused appropriate notices to be published and mailed by certified mail. However, the notice mailed to Carol James was returned to the treasurer as "unclaimed." The treasurer made no further attempts to notify James of the tax sale. No one purchased the property at tax sale, and the county purchased the property on October 7, 1996.

¶2 Pursuant to 68 O.S.Supp.1995 § 3108, Timothy Decker purchased the county's interest and received a County Treasurer's Certificate of Tax Sale by Assignment on December 8, 1998. Because James had not paid the delinquent taxes, Decker then filed an application for a tax deed and caused notice to be personally served on James and Nations Bank on December 10, 1998. The notice served on James told her that Decker would demand a deed "unless redemption is made from said sale by you or your authorized agent or attorney on or before sixty days from service hereof" as required by 68 O.S.Supp.1998 § 3118(A). James did not redeem, and Decker received a tax deed.

¶3 Decker then filed this action, asking for a quiet title judgment against James and Nations Bank. Decker also filed a Motion for Summary Judgment. Nations Bank did not respond to Decker's petition or motion, but James filed an answer and a response to the motion in which she contended that Decker's deed was invalid because she did not receive proper notice of the original tax sale. Based upon the undisputed facts recited above, the trial court granted Decker's motion, entering judgment in his favor quieting his title to the land in question against any and all claims of James and Nations Bank. Only James appeals that judgment.

¶ 4 Relying principally on *Luster v. Bank of Chelsea*, 1986 OK 74, 730 P.2d 506, and *Wells Fargo Credit Corporation v. Ziegler*, 1989 OK 113, 780 P.2d 703, James contends the county treasurer unconstitutionally sold the property at the original tax sale because the treasurer never properly notified her of the sale. Decker contends that any deficiency in notice of the original sale is irrelevant because James had notice of the application for tax deed which told her that she had sixty days in which to redeem her property from the tax sale.

¶ 5 In *Wells Fargo*, the Court held that certified mail notice which was returned unclaimed was constitutionally insufficient to give the county treasurer the right to conduct a tax resale which would abrogate the mortgagee's interest. In *Luster*, 1986 OK 74, ¶ 18, 730 P.2d at 510, the Court held a resale tax deed was void because the "County Treasurer *unconstitutionally exercised jurisdiction of the original sale* and resale upon which the resale tax deed was based" (emphasis added) where the treasurer had not properly mailed notice to the actual owner of the property.

¶ 6 Decker argues that neither of these cases prevent judgment in his favor because the statute governing notice of the original tax sale, 68 O.S.1991 § 3106, provides that "[f]ailure to receive [the certified mail notice] shall not invalidate said sale." *Luster* and *Wells Fargo* are based on constitutional requirements necessary to provide the owners of property due process. Legislation can not validate a sale which is constitutionally deficient.

¶ 7 However, according to Decker, James' due process rights were not implicated by the original sale because her interest in the property was not adversely affected until he applied for the tax deed. Because, according to Decker, she received valid notice of her right to redeem at that time, any defect in notice of the original sale is cured. This argument overlooks the conclusion in *Luster* that inadequate notice prevents the county treasurer from acquiring jurisdiction to conduct the original tax sale and a further conclusion in *Luster*, 1986 OK 74, ¶ 15, 730 P.2d at 509, that the owner and mortgagee in that case "possess substantial property interests that are significantly affected by the *tax sale* and resale." (Emphasis added).

¶ 8 James had no constitutionally sufficient notice of the original tax sale. As in *Luster*, the County Treasurer lacked jurisdiction to sell her property for taxes, and the tax deed based upon that sale is void. The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED

¶ 9 HANSEN, V.C.J., and JOPLIN, J., concur.