TERRAL TELEPHONE CO. v. OKLAHOMA STATE BD. OF EQUALIZATION
2023 OK 51
Case Number: 120943
Decided: 05/02/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 51, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

TERRAL TELEPHONE COMPANY, Appellant/Complainant,
v.
OKLAHOMA STATE BOARD OF EQUALIZATION, Appellee/Respondent.

APPEAL FROM COURT OF TAX REVIEW;
TOM L. NEWBY, CHIEF JUDGE, DONNA L. DIRICKSON, CHRISTINE 
LARSON, JUDGES

¶0 The Respondent, Oklahoma State Board of Equalization, assessed the ad valorem tax concerning the property of the Complainant, Terral Telephone Company. The Complainant protested the assessment. The Respondent moved for dismissal alleging the protest was non-compliant and untimely. The Court of Tax Review agreed and ruled that the protest did not comply with the statutes and rules necessary to invoke its jurisdiction. The Complainant appealed the ruling to this Court and we retained the matter. We affirm the ruling of the Court of Tax Review.

MOTION TO RETAIN PREVIOUSLY GRANTED; COURT OF TAX
REVIEW AFFIRMED

William K. Elias, Wyatt D. Swinford, Jay W. Dobson, and Brittany N. Dowd, ELIAS, BOOKS, BROWN & NELSON, P.C., Oklahoma City, Oklahoma, for Appellant/Complainant

Christy D. Keen, Assistant General Counsel, OKLAHOMA TAX COMMISSION, Oklahoma City, Oklahoma, for Respondent/Appellee

COMBS, J.:

FACTUAL AND PROCEDURAL BACKGROUND

¶1 On June 17, 2022, the Appellee/Respondent, Oklahoma State Board of Equalization (OSBE), mailed the Appellant/Complainant, Terral Telephone Company (TTC), a notice of ad valorem tax assessment which was dated June 16, 2022. This notice is a statutory requirement pursuant to 68 O.S. 2021, § 2881

¶2 Rule 2 (RCTR) provides that the time for filing a complaint pursuant to § 2881 is jurisdictional and may not be waived or otherwise extended.

¶3 Terral Telephone Company is a corporation. On July 7, 2022, the president, Chad Segress, of TTC mailed by certified mail a Form OTC 989

¶4 On August 9, 2022, the OSBE moved to dismiss these proceedings due to TTC's failure to invoke the jurisdiction of the Court of Tax Review. The grounds alleged for dismissal were that TTC's July 11, 2022 filing of Form OTC 989 was not a complaint but was instead only a form that needed to be attached to a complaint, was untimely because it was not filed within twenty (20) days from the date of preparation indicated on the notice of assessment and did not meet the other strict compliance content requirements of Rule 3(A)(4)(RCTR) or the requirements of § 2881 and Rule 11(RCTR). Therefore, pursuant to Rule 2(RCTR), a complaint had not been timely filed and the Court of Tax Review lacked jurisdiction. After reviewing the motion, TTC's response and OSBE's reply, the Court of Tax Review granted the motion to dismiss. The Court's November 23, 2022 Order dismissed the protest with prejudice for lack of jurisdiction. The Court held that § 2881 requires the complainant to file a written complaint with the Court Clerk of the Court of Tax Review within twenty (20) days from the date of the notice of assessment. Rule 2 (RCTR) makes the timely filing of the complaint a jurisdictional requirement. Mr. Segress is not an attorney and he filed only a Form OTC 989 on July 11, 2022. The Form OTC 989 is required to be attached to the complaint. Further, the complaint is to be in the required form as provided in Rule 11(RCTR), Form No. 1 and must strictly comply with the provisions of Rule 3(A)(4)(RCTR). The Court held the July 11, 2022 Form OTC 989 is null and void because: 1) it was not signed by an attorney; 2) it was filed more than twenty (20) days after the notice of assessment; and, 3) it did not comply with Rule 11(RCTR), Form No. 1. It concluded that it lacked jurisdiction to hear the matter because of TTC's failure to file a complaint in proper form and in a timely manner (Rule 3(A)(4)(RCTR) and § 2881). The Order also held that the July 13, 2022, Order of this Court, directing TTC to file a complaint in the proper form, did not determine the jurisdiction of the Court of Tax Review.

¶5 On December 21, 2022, TTC filed a petition in error in this Court. It also moved for this Court to treat the matter as an accelerated appeal and retain the matter for this Court's review. Both were granted.

STANDARD OF REVIEW

¶6 The subject of this appeal is OSBE's motion for entry of order of dismissal which was granted by the Court of Tax Review. The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim. Samson Resources Co. v. Newfield Exploration Mid-Continent, 2012 OK 68281 P.3d 1278Id. 

ANALYSIS

¶7 The issues before us are one of law, i.e., whether the Court of Tax Review has subject matter jurisdiction to hear TTC's protest of the ad valorem tax assessment. TTC claims it complied with relevant rules and statutes pertaining to the protest. However, the facts underlying its alleged compliance are not at issue. When TTC mailed/filed its first attempt at a protest and its later amended complaint are not disputed. The question is whether the actions of TTC in attempting to file a protest satisfied the legal requirements to invoke the jurisdiction of the Court of Tax Review. We hold, it did not.

¶8 TTC asserts that the Court of Tax Review failed to interpret numerous ambiguities in the law in its favor. They had previously cited McGannon v. State, 1912 OK 384124 P. 1063Assessments for Tax Year 2012 of Certain Properties Owned by Throneberry v. Wright, 2021 OK 7481 P.3d 88368 O.S. § 2884Id. ¶19, 481 P.3d at 893 (footnote omitted). We noted the § 2884 controversy concerned an interpretation of the term "interest" in the statute and did not involve the imposition of a tax by implication. Id. Secondly, doubts must arise from ambiguous, conflicting, or uncertain statutory language in the tax law itself. Id. ¶20. The tax statute at issue contained no ambiguity, uncertainty, or internal conflict. Id.

¶9 TTC claims it substantially complied with the filing requirements when it mailed Form OTC 989 to the Court Clerk of the Court of Tax Review on July 7, 2022. TTC argues the document was on a form prescribed by the OTC and it substantially complied with § 2881 as required by Rule 3(B)(RCTR). TTC suggests two ways the filing of the form was timely: 1) it filed Form OTC 989 within thirty (30) days of the notice of assessment as required, at that time, by Rule 3(A)(RCTR), or 2) the Form OTC 989 was timely filed within twenty (20) days of the mailing of the notice of assessment pursuant to § 2881(B). These assertions reflect TTC's alleged ambiguities in the provisions of § 2881 and Rule 3(RCTR). All of the alleged ambiguities relate to the required procedure necessary to invoke the jurisdiction of the Court of Tax Review; none involve an ambiguity related to substantive provisions imposing an ad valorem tax assessment, which is the subject of this protest, or to any provision that ambiguously imposes a tax by implication. 

¶10 First, we will address the required contents that must be filed in order to invoke the jurisdiction of the Court of Tax Review. Section 2881 and Rule 3(RCTR) require the filing of a written complaint and Rule 2(RCTR) makes the filing of a complaint jurisdictional. The Form OTC 989 is only a notice of protest and it specifically refers to 68 O.S. § 2881In re: Amendments to Rules for the Oklahoma Court of Tax Review, 1997 OK 85

A. Strict Compliance. Complaints and notices of intent to appeal shall be in strict compliance with the following:

. . . .

4. Proceeding pursuant to § 2881: A complaint filed with the Court of Tax Review pursuant to 68 O.S.Supp.1995 § 288168 O.S.Supp.1995 § 288168 O.S.Supp.1995 § 2881

Rule 2(RCTR) is clear that the timeliness for filing a "complaint" cannot be waived or otherwise extended. TTC argues that Rule 3(B)(RCTR) only requires it to substantially comply with title 68 and its filing of Form OTC 989 amounts to substantial compliance. Subsection B of Rule 3 provides:

B. Substantial Compliance. Complaints, protests, and notices of intent to appeal shall be in substantial compliance with the applicable provisions of Title 68 authorizing the filing thereof.

Both § 2881 and Subsection A of Rule 3(RCTR) require a complaint be filed. Although subsection B requires substantial compliance with the applicable provisions of title 68, subsection A requires "strict compliance" for the content of the complaint. The Form OTC 989, for instance, does not provide the required information concerning the counties and congressional districts where the property is located. This information is required on Rule 11(RCTR), Form No. 1 and Rule 3(A)(4)(RCTR) states that the complaint "must comply with Rule 11 Form No. 1." There is no way the filing of Form OTC 989 alone amounted to substantial compliance with these requirements in order to invoke the jurisdiction of the Court of Tax Review. "It is axiomatic, that in most instances, ignorance of the law is no excuse, and every person is presumed to know the law." Estes v. ConocoPhillips Co., 2008 OK 21184 P.3d 518

¶11 The June 16, 2022 notice of assessment letter which was mailed to TTC on June 17, 2022, specifically referenced 68 O.S. § 2881

The notice, which shall clearly be marked with the date upon which it was prepared, shall be mailed within one (1) working day of such date. The taxpayer shall have twenty (20) calendar days from the date of the notice in which to file, with the Clerk of the Court of Tax Review, a written complaint on a form prescribed by the Tax Commission . . . .

Although the OTC provides the Form OTC 989 and does not provide the written complaint form, the notice of assessment letter clearly indicates that the format of the complaint is in Rule 11(RCTR) and gives a citation where to find the rules. TTC asserts that the language "the taxpayer shall have twenty (20) days from the date of the notice" in the second sentence quoted above is ambiguous because it could be interpreted to mean a taxpayer has twenty (20) days from the date of mailing of the notice of assessment to file its protest. It further believes this is apparent when reading subsection B of § 2881 which provides:

B. If the taxpayer fails to file a written complaint within the twenty-day period provided for in this section, then the assessed valuation stated in the notice, without further action of the State Board of Equalization, shall become final and absolute at the expiration of twenty (20) days from the date the notice is mailed to the taxpayer.

However, there is no ambiguity here. Subsection B states if the tax payer fails to file a written complaint as provided in this section (not subsection), then the assessed valuation shall become final at the expiration of twenty (20) days from the date the notice of assessment was mailed to the taxpayer. The "date the notice is mailed" language in subsection B only refers to when the assessed valuation becomes final. The first part of the sentence is referring to the time period to file a written complaint which is found in subsection A. When reading the two quoted sentences together in subsection A it is clear that the written complaint must be filed within twenty (20) days of the date the notice was prepared which is to be "clearly . . . marked" on the notice of assessment. The first quoted sentence in subsection A also requires the notice of assessment to be mailed within one (1) day of the date it was prepared. Therefore, TTC's assertion that the time period ran from either the date the notice of assessment was mailed (June 17, 2022) or the date of his receipt of the notice (June 22, 2022) are without merit. TTC filed a Form OTC 989 on July 7, 2022, which alone, as mentioned, did not comply with the necessary requirements of a complaint. July 6, 2022, was the last day that TTC could file its complaint. TTC was one day late in filing but what it filed was not the required complaint necessary to invoke the jurisdiction of the Court of Tax Review.

 

¶12 TTC next argues that the applicable version of Rule 3(RCTR) provided that a taxpayer had thirty (30) days to file a complaint and § 2881 provides a twenty (20) day period to file a complaint which causes an ambiguity that should be resolved in a taxpayer's favor. As in Assessments for Tax Year 2012 of Certain Properties Owned by Throneberry v. Wright, 2021 OK 7481 P.3d 883Ark. La. Gas Co. v. Travis, 1984 OK 33682 P.2d 225Cole v. State ex. rel. Dept. of Public Safety, 2020 OK 67473 P.3d 467

 

CONCLUSION

 

¶13 Taxpayer, TTC, attempted to protest an ad valorem tax assessment made by the OSBE. It made two attempts to comply with the statute and rules to file a complaint. Both were untimely and failed to invoke the jurisdiction of the Court of Tax Review.

MOTION TO RETAIN PREVIOUSLY GRANTED; COURT OF TAX
REVIEW AFFIRMED

Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, Combs, and Darby, JJ. -- concur;

Kauger, J. -- concur in part, dissent in part;

Gurich (by separate writing) and Kuehn, JJ., - dissent.

FOOTNOTES

68 O.S. 2021, § 2881

A. The secretary of the State Board of Equalization shall notify all railroads, air carriers and public service corporations of the ad valorem tax assessments rendered by the State Board, including the valuation, assessment ratio and total amount of assessment. The notice, which shall clearly be marked with the date upon which it was prepared, shall be mailed within one (1) working day of such date. The taxpayer shall have twenty (20) calendar days from the date of the notice in which to file, with the Clerk of the Court of Tax Review, a written complaint on a form prescribed by the Tax Commission, specifying grievances with the pertinent facts in relation thereto in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. The complaint shall include the amount of Oklahoma assessed valuation protested and the grounds for the protest. The taxpayer shall be required to send a copy of the complaint to the Tax Commission.

B. If the taxpayer fails to file a written complaint within the twenty-day period provided for in this section, then the assessed valuation stated in the notice, without further action of the State Board of Equalization, shall become final and absolute at the expiration of twenty (20) days from the date the notice is mailed to the taxpayer.

C. After the filing of a complaint provided for in subsection A of this section, the State Board of Equalization shall have thirty (30) days within which to file an answer. The Court of Tax Review shall set a date of hearing, conduct such hearing, render its decision, and notify in writing the taxpayer and the State Board of Equalization of its decision within sixty (60) days of the date of the scheduling conference. The Court of Tax Review shall be authorized and empowered to take evidence pertinent to the complaint, and for that purpose may compel the attendance of witnesses and the production of books, records and papers by subpoena, and to confirm, correct or adjust the valuation, as required by law.

D. The State Board of Equalization shall notify, in writing and by certified mail, the Attorney General and all affected school districts and other recipients of ad valorem tax revenue of the complaint provided for by this section within ten (10) days of the filing of the complaint.

E. The Attorney General may appear in all actions to enforce the valuation and assessment of property by the State Board of Equalization and the collection of ad valorem tax which is the subject of the complaint filed pursuant to this section.

F. Either the State Board of Equalization or the party filing a complaint pursuant to this section may appeal the decision of the Court of Tax Review by filing a notice of intent to appeal with the Clerk of the Court of Tax Review within thirty (30) calendar days of the date the final decision is sent to the parties. Appeal shall be brought in the Oklahoma Supreme Court in the same manner as provided for other appeals from the Court of Tax Review. The Supreme Court shall give precedence to such appeals and affirm the decision of the Court of Tax Review if supported by competent evidence. If the Oklahoma Supreme Court assigns the appeal to the Court of Civil Appeals, the Oklahoma Court of Civil Appeals shall give precedence to the appeal and affirm the decision of the Court of Tax Review if supported by competent evidence.

G. In all instances where the notice of assessed valuation certified by the State Board of Equalization has been permitted to become final, such notice shall have the same force and be subject to the same law as a judgment not subject to further appeal.

68 O.S. 2021, § 2881

In re: Amendments to Rules for the Oklahoma Court of Tax Review, 1997 OK 85

The times within which to file a complaint of the State Board of Equalization or notice of intent to appeal a decision of the Oklahoma Tax Commission as provided by statute is jurisdictional and may not be waived or otherwise extended. The Jurisdiction of the Court of Tax Review shall be invoked by:

1. The timely filing with the State Auditor and Inspector of a complaint challenging the legality of the budget for the taxing entities within the county or the legality of the tax levy. 68 O.S.1991 § 3023

2. The timely filing with the Clerk of the Appellate Courts of a complaint challenging a valuation or equalization order of the State Board of Equalization. 68 O.S.1991 § 288268 O.S.Supp.1995 § 2881

3. The timely filing with the Clerk of the Appellate Courts of an intent to appeal a decision of non-compliance. 68 O.S.1991 § 2883

In re: Amendments to Rules for the Oklahoma Court of Tax Review, 1997 OK 85

A. Strict Compliance. Complaints and notices of intent to appeal shall be in strict compliance with the following:

1. An original and four copies of all pleadings, complaints, protests, notices of intent to appeal, responses and other filings shall be prepared on 8 1/2 " x 11" paper only.

2. In all proceedings the complaint, notice, or protest must state the county in which the property which is the subject of the proceeding is located.

3. In all proceedings where the Oklahoma Tax Commission is required by statute to prescribe the form for filing a complaint or notice with the Court of Tax Review a completed copy of the form shall be attached to the complaint or notice filed with the Court of Tax Review.

4. Proceeding pursuant to § 2881: A complaint filed with the Court of Tax Review pursuant to 68 O.S.Supp.1995 § 288168 O.S.Supp.1995 § 288168 O.S.Supp.1995 § 2881

B. Substantial Compliance. Complaints, protests, and notices of intent to appeal shall be in substantial compliance with the applicable provisions of Title 68 authorizing the filing thereof.

Form No. 1--Taxpayer complaint pursuant to 68 O.S.Supp.1995 § 2881
by H.B. 1338, eff. July 1, 1997).

IN THE COURT OF TAX REVIEW OF THE STATE OF OKLAHOMA

 
 
 
 _______________________
 
 
 )
 
 
 
 
 _______________________
 
 
 )
 
 
 
 
 _______________________
 
 
 )
 
 
 
 
 Complainant,
 
 
 )
 
 
 
 
 v.
 
 
 No. ____________
 
 
 
 
 OKLAHOMA STATE BOARD OF
 EQUALIZATION
 
 
 )
 
 
 
 
 Respondent.
 
 
 )
 
 
 

 

COMPLAINT FOR REVIEW OF AD VALOREM
ASSESSMENT FOR ____________
(YEAR)

The complainant taxpayer, _______________, for its Complaint for Review of its _____ ad valorem property assessment states as follows:

1. Attached hereto as Exhibit A is the properly completed form specified by the Oklahoma Tax Commission for filing a complaint pursuant to 68 O.S.Supp.1995 § 2881

2. The property assessed in this case is located in the following congressional districts of the State of Oklahoma: _______________.

3. Attached as Exhibit B is a copy of the notice of ad valorem assessment mailed to the taxpayer.

4. The property assessed in this case is located in the following counties of the State of Oklahoma: ____________________.

5. The amount of the assessed valuation protested: _______________

Complainant shall specify grievances and pertinent facts in relation thereto in ordinary and concise language in such a manner to enable a person of common understanding to know what is intended. The Complainant shall specify the grounds for the protest. The Complainant shall make these allegations in subsequently numbered paragraphs herein using as many paragraphs and pages as are necessary to present the allegations in concise language.

6.

SERVICE BY COUNSEL

DATE: _______________________, 19___.
Signature: ___________________________
(Signature of Attorney)
Attorney for _________________________
(Complainant)
OBA No.: _____________________________
Firm: ________________________________
Address: _____________________________
______________________________________
______________________________________
Telephone: ___________________________

CERTIFICATE OF SERVICE

I, __________, hereby certify that in addition to filing the original Complaint for Review of Ad Valorem Assessment for _____ with the Clerk of the Court of Tax Review copies of the foregoing Complaint were mailed by first class mail, postage prepaid, this __ day of __________ 199___, to the Secretary of the State Board of Equalization, Oklahoma Attorney General, and General Counsel of the Oklahoma Tax Commission at the following addresses:

__________________________________________________
(Name of Secretary of State Bd. of Equalization)
Secretary, State Board of Equalization
__________________________________________________
__________________________________________________

__________________________________________________
(Name of General Counsel, Oklahoma Tax Commission)
General Counsel, Oklahoma Tax Commission
__________________________________________________
__________________________________________________

__________________________________________________
(Name of Oklahoma Attorney General)
Attorney General, State of Oklahoma
__________________________________________________
__________________________________________________

In Re Amendments to Rules for the Court of Tax Review, 2022 OK 99__P.3d__, 2022 WL 17818701. The thirty (30) day filing period was reduced to twenty (20) days in order to conform with the 2001 amendments to 68 O.S., § 2881

68 O.S. § 2881

McGannon at 1067.

68 O.S. 2021, § 221.1

In re: Amendments to Rules for the Oklahoma Court of Tax Review, 1997 OK 85

The Chief Justice of the Oklahoma Supreme Court shall assign a case to a judicial administrative district. The presiding judge of the judicial administrative district to which the case is assigned shall appoint a panel of three judges of the district court, who shall determine in what county the case will be heard. 68 O.S.Supp.1996 § 302468 O.S.Supp.1996 § 3024

This rule requires the Chief Justice of this Court to assign the case to a judicial administrative district. Section 3024 of title 68 requires the assignment be made to a judicial administrative district in which no property that is the subject of the case is located. In order to make that determination this Court needs the information that is required in the complaint which is a required field to complete on the Rule 11, Form No. 1, i.e., the location of the subject property. The July 13, 2022 Order of this Court was requesting this information so that it could make the required assignment. This Court does not make a determination as to whether the protest invokes the jurisdiction of the Court of Tax Review at that time. Once this Court receives the necessary information to make the assignment, then it is left to the Court of Tax Review to determine if its jurisdiction has been properly invoked. And as here, such ruling is available to be appealed to this Court.

68 O.S. 2021, § 3024

 

 

GURICH, J., with whom Kuehn, J., joins, dissenting.

¶1 In this case, Terral Telephone Co. (TTC) filed a protest of an ad valorem tax levied by the Oklahoma State Board of Equalization (OSBE). At every step of the process, TTC's protest was thwarted by contradictory language contained in the Rules of the Court of Tax Review (Rules) and statutes, letters from the Oklahoma Tax Commission purporting to give more time to protest the tax, and even an order of this Court. The totality of the circumstances presented in this case infringe upon TTC's right to due process. For this reason, I respectfully dissent from the majority opinion and would allow TTC's protest to proceed in the Court of Tax Review.

¶2 On June 22, 2022, TTC received a letter from the OSBE, dated June 16, 2022, notifying TTC of the ad valorem tax levied upon TTC's Oklahoma property for the year 2022.

¶3 On July 6, 2022, TTC prepared, dated, and signed a "Notice of Protest to the State Board of Equalization and the OTC of Filing in Court of Tax Review," using OTC Form 989. On July 7, 2022, TTC mailed the Form 989, to the Clerk of the Supreme Court as Clerk of the Court of Tax Review.

¶4 The United States Supreme Court held "where an action affects a person's interest in life, liberty or property such person is entitled to notice reasonably calculated, under all the circumstances, to be apprised of the pendency of the action and afforded an opportunity to present objections." Luster v. Bank of Chelsea, 1986 OK 74730 P.2d 506Mullane v. Central Hanover Bank &Trust Co., 339 U.S. 306, 314). For the purposes of due process, corporations are persons. See First Nat. Bank of Boston v. Bellotti, 435 U.S. 765, 780 n.15 ("It has been settled for almost a century that corporations are persons within the meaning of the Fourteenth Amendment."). Importantly, due process is not necessarily satisfied by strict adherence to statutorily prescribed procedures, rather, "[i]t is the totality of the circumstances and conditions of each individual case that determines if the constitutional requirements of due process are satisfied." Luster, 1986 OK 74Larry Jones Intern. Ministries Inc., v. Okla. Co. Bd. of Equalization, 1997 OK 125946 P.2d 669

¶5 In both its Petition in Error and its Response to Respondent's Motion for Entry of Order of Dismissal before the trial court below, TTC asserts that Title 68 and the Rules of the Court of Tax Review conflict because they have different filing deadlines and substantive requirements. Title 68, Section 2881 states, in pertinent part:

A. The secretary of the State Board of Equalization shall notify all railroads, air carriers and public service corporations of the ad valorem tax assessments rendered by the State Board, including the valuation, assessment ratio and total amount of assessment. The notice, which shall clearly be marked with the date upon which it was prepared, shall be mailed within one (1) working day of such date. The taxpayer shall have twenty (20) calendar days from the date of the notice in which to file, with the Clerk of the Court of Tax Review, a written complaint on a form prescribed by the Tax Commission, specifying grievances with the pertinent facts in relation thereto in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. The complaint shall include the amount of Oklahoma assessed valuation protested and the grounds for the protest. The taxpayer shall be required to send a copy of the complaint to the Tax Commission.

B. If the taxpayer fails to file a written complaint within the twenty-day period provided for in this section, then the assessed valuation stated in the notice, without further action of the State Board of Equalization, shall become final and absolute at the expiration of twenty (20) days from the date the notice is mailed to the taxpayer.

68 O.S.2011, § 2881

¶6 On its face, this statute is internally inconsistent. The Taxpayer has 20 days from the date of the notice to file a complaint on the Tax Commission form, but the assessed valuation becomes final 20 days from the date the notice is mailed to the taxpayer. In this case, the OSBE has no record of the date of mailing. There is no certificate of mailing on the letter indicating that it was actually sent in compliance with 68 O.S.2011, § 2881

¶7 Moreover, this statute is directly in conflict with Rule 3 of the Court of Tax Review, in effect at the time of this appeal, which states:

A. Strict Compliance. Complaints and notices of intent to appeal shall be in strict compliance with the following:
1. An original and four copies of all pleadings, complaints, protests, notices of intent to appeal, responses and other filings shall be prepared on 8 1/2 " x 11" paper only.
2. In all proceedings the complaint, notice, or protest must state the county in which the property which is the subject of the proceeding is located.
3. In all proceedings where the Oklahoma Tax Commission is required by statute to prescribe the form for filing a complaint or notice with the Court of Tax Review a completed copy of the form shall be attached to the complaint or notice filed with the Court of Tax Review.
4. Proceeding pursuant to § 2881: A complaint filed with the Court of Tax Review pursuant to 68 O.S.Supp.1995 § 2881The Complaint must have attached as Exhibit A the properly completed form prescribed by the Oklahoma Tax Commission. 68 O.S.Supp.1995 § 2881The Complaint must be filed within thirty (30) days of the notice of assessment, and the Complaint must have attached as Exhibit B a copy of the notice. 68 O.S.Supp.1995 § 2881

B. Substantial Compliance. Complaints, protests, and notices of intent to appeal shall be in substantial compliance with the applicable provisions of Title 68 authorizing the filing thereof.

68 O.S. Ch. 1, Art. 28, Rule 3 (emphasis added).

¶8 The contradictions contained in the statute and Rule 3 are confusing and misleading as to what a complainant must do to file a conforming and timely appeal. For instance, in order to file a protest, section 2881(A) requires that the taxpayer file a written complaint within 20 days of the date of the notice.form prescribed by the OTC. The OTC prescribes Form 989 as its Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review.30 days of the date of the notice of assessment. Further, Rules 3(A) and 11 require that a tax payer not file the Form 989, but instead attach the form as an exhibit to a complaint form prescribed by the Supreme Court. A taxpayer is further mislead by Rule 3(B) because it only requires substantial compliance with the statute. The text of Rule 3(A), however, requires strict compliance with the Rule. The taxpayer must choose between sets of instructions and then make a judgment call on which to follow--this does not put the taxpayer on notice as to the correct procedure for filing a compliant protest. If a mistake is made, the taxpayer is then deprived of a meaningful opportunity to be heard.

¶9 The failure to ensure that TTC's due process rights were protected does not end with the questionable wording of statutes and rules. To understand why TTC's right to due process was violated, it is important to not only look at the statutorily mandated time to appeal, as the majority does, but also to address the conflicting information TTC received from the OSBE and OTC during the relevant time period. In a letter dated June 16, 2022, the OSBE advised TTC of the ad valorem taxation for the year 2022.

In accordance with the provision of 68 O.S. § 2881

However, on June 21, 2022, the OTC mailed a letter with a printout of TTC's original cost and assessed values for the 2022 assessment year. In this letter, which noted AD VALOREM over the date, the OTC stated: "Please verify the accuracy of this data immediately. Verification and confirmation of this information is critical. . . . Report all discrepancies no later than Thursday, July 7, 2022."

¶10 This case is even further complicated when we consider this Court's actions. First, the Clerk of the Supreme Court (who is also the Clerk of Court of Tax Review pursuant to 68 O.S.2011, § 3024should have been July 7, 2022.

¶11 Second, after TTC filed Form 989, this Court sent an Order noting the filing of the form, but requiring TTC to submit a complaint conforming to Rule 11, Form 1, as required by Rule 3.

¶12 The Court of Tax Review dismissed this case because it concluded that the actions of the OSBE, OTC and the Supreme Court were not binding on that court, and concluded that the protest was untimely filed and not in substantial compliance with section 2881. The Court of Tax Review also dismissed TTC's protest due to the fact that "OTC 989 is null and void as the purported complaint was not signed by an attorney."

¶13 Every time TTC was instructed to perform an action, TTC complied. Yet, the majority concludes that because the untimely filing of TTC's complaint is jurisdictional, the decision of the Court of Tax Review must be upheld. In order to arrive at this conclusion, the majority ignores the totality of the circumstances facing this taxpayer. Arguably, TTC's complaint was timely. Even assuming it was untimely, TTC's right to due process was violated. It is not a single occurrence in this case that led to the violation of due process, but instead the numerous snares that worked together to deprive TTC of the right to protest the assessment by the OSBE. First, there are multiple internal conflicts in both the statute and Rules. Second, there are conflicts between statute and the Rules that prevented TTC from even being able to determine what constituted a timely filing, or even what constituted a compliant filing. Third, there is a conflict between the dates given in the OSBE and OTC letters, with the latter purporting to give TTC a later date by which to report any discrepancies. Fourth, the Clerk of the Court of Tax Review did not timely file-stamp TTC's protest Form 989, adding to confusion regarding the timeliness of the filing. Fifth, this Court issued an order which purported to give TTC extra time to file a conforming complaint. Just to put a nail in the coffin, the majority finds that TTC's first amended complaint filed on the date specified by court order, was untimely because the complaint was filed after the 30 day limitation of Rule 3. Lastly, there was nothing in the statutes, Rules, letters, or orders that would put TTC on notice that it had to have an attorney to file a protest in this case. The combined effect of this morass is to deny TTC its right to due process. For these reasons, I dissent.

FOOTNOTES

See also 12 O.S. Supp. 2021, App. 1, Rule 1.4(c), (e) (this Rule was amended by order of the Supreme Court, 2023 OK 44

ten (10) days from the date of such notice in which to file, with the Secretary of the Board, a written complaint, specifying his grievances, and the pertinent facts in relation thereto in ordinary and concise language and without repetition, and in such manner as to enable a person of common understanding to know what is intended." Okla. Admin. Code 255:10-5-2 (emphasis added).

Id., Exhibit A-3.

Id., Exhibit A-2, A-4.

Id.

July 22, 2022 would have been more than thirty days from that date." Majority Op. 17.